Doe on the Demise of Pidgeon *v.* Richards.

When a lease is made to have and to hold at the will of the lessor, the law implies it to be at the will of the lessee also, and *vice versa*.
The lessor may determine the lease by notice to quit.

ERROR to the *Bartholomew* Circuit Court.

Perkins, J.—Ejectment by *Doe* on the demise of *William F. Pidgeon* against *Thomas J. Richards* for a tract of land in *Bartholomew* county. Judgment below for the defendant.

The facts of the case are, that *William Richards*, then the owner in fee of the land in question, died in 1846, having devised said land to his wife, *Elizabeth Richards*,

for her life. Subsequently, said *Elizabeth* leased the land to her son, *Thomas J. Richards*, the defendant, who was then living upon it with his mother, executing to him an instrument as follows:

"Article of agreement between *Thomas J. Richards* of the first part, and *Elizabeth Richards* of the second part, witnesseth, that the said *Thomas J. Richards* is to occupy the premises that he now occupies, with full privileges to improve at his pleasure, and enjoy all the privileges of ownership, and to occupy so long as he desires; and in consideration therefor, the said party of the first part hereby obligates himself to grant unto the said *Elizabeth Richards* the privilege of living within his house and enjoying all that is necessary to health and comfort at his expense. And in case of the death or removal of the party of the first part, the place to revert to the party of the second part. It is further agreed that the said *Thomas J. Richards* has privilege to sell or dispose of the stock and other appurtenances belonging to the farm, the same as though he was prime owner." Signed by the parties and sealed, *October* 25, 1848.

After the execution of this instrument, said *Thomas* and *Elizabeth* continued to reside together on the land, he exercising full control, till the spring of 1851, when said *Elizabeth* left, having deeded the premises to the lessor of the plaintiff, *Pidgeon*, and given said *Thomas* notice to quit.

This suit was commenced *March* 19, 1851. The only brief furnished is a very brief one from the plaintiff, informing us that the case turned below upon the effect of the lease or instrument in writing above set out, and that it was there held that it conveyed a life estate to said *Thomas J. Richards*. The substance of that instrument is, that it gives to *Richards* the right to occupy and improve the land in question for a certain consideration, payable as he occupies, as long as he shall please to do so. It gives him no absolute interest, which he can convey to another on vacating the premises himself. Whenever he removes from them, his right in them ceases.

And he is not bound to occupy them and pay the consideration a day longer than he sees fit to do so. He has, in short, under the instrument, an estate in the land at his own will. Such being the character of the instrument, the case is easily disposed of.

Lord *Coke*, in his first Inst., 55 *a*, says: "It is regularly true, that every lease at will must in law be at the will of both parties, and, therefore, when the lease is made, to have and to hold at the will of the lessor, the law implyeth it to be at the will of the lessee also; for it cannot be onely at the will of the lessor, but it must be at the will of the lessee also. And so it is when the lease is made to have and to hold at the will of the lessee, this must be also at the will of the lessor; and so are all the bookes that seeme *prima facie* to differ, cleerly reconciled."

This law of Lord *Coke's* day continues to be the law of the present day.

There was a case in *Massachusetts* in 1834, in which the congregational society in *Sagus*, on the petition of certain persons, "voted that *Ezra Brown* and others, have liberty to erect a seminary house on the parsonage land within what is hereafter described the seminary yard, with liberty to remove the same at pleasure, and that they have the land from the road over the knoll back to the wall, and from the west end of the house to the barn, inclusive, for a seminary yard, with the exception of a carriage passage-way from the house to the road and to the barn, to be common to the occupier of the house and the seminary building, and that each have a passage-way and the use of the pump."

The building was erected on the parsonage ground by those to whom the privilege was granted, having a cellar, stone foundation, with a "brick furnace in the cellar to warm the whole building through tubes."

The Supreme Court held that the society had power to make the lease—that it was made upon a good and valuable consideration—but that it was but a lease at the will of the lessors as well as of the lessees, and that *Brown* and his associates might be ejected at any time

upon notice to quit. *Cheever et al.* v. *Pearson et al.*, 16 Pick. 266.

So, in the case before us, the lease being at will, was determined by notice to quit; and that having been given, the plaintiff should have recovered.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. A. Hammond* and *H. O'Neal*, for the plaintiff.

*W. Herod, S. Stansifer, W. Singleton* and *R. Hill,* for the defendant.