THE WESTERN TRANSPORTATION COMPANY OF THE CITY OF BUFFALO, Respondent, v. ABRAHAM L. LANSING et al., Exrs., etc., Appellants.

Where a lease for a term of years contains a clause giving the lessee the privilege of keeping and occupying the premises for such further time after the expiration of said term as he shall choose or elect, yielding and paying therefor the same rent, and where before the expiration of the specified term the lessor dies, the lessee is not entitled to a renewal or extension of the lease,

The most that is created by the clause is a tenancy from year to year after the termination of the term, determinable at the pleasure of either the lessee or owner of the reversion, upon giving the requisite notice,

(Argued April 2, 1872 ; decided May 28, 1872.)

Appeal from order of the General Term of the Supreme Court in the third judicial district, reversing a judgment in favor of defendants entered upon the report of a referee.

This action was brought to compel specific performance of a covenant in a lease, which plaintiff claimed entitled him to a renewal of the lease, and to restrain defendant from interfering with plaintiff's possession. The lease was of certain premises in the town of Watervliet, Albany county, executed by Levinus A. Lansing, lessor, and Erastus S. Prosser, lessee, dated August 30th, 1853. It was for the term of fifteen years, at the yearly rent of thirty dollars, to be paid in yearly payments on the first of September in each year, the lessee to pay all taxes, " with privilege of keeping and occupying said lots for such further time, after the expiration of said term, as said party of the second part shall choose or elect, yielding and paying therefor the same rent and all taxes as aforesaid." The lessee covenanted to pay the rent as specified, and at the expiration of the term, or of such further time as he should elect as aforesaid to hold the same, to quit and surrender the premises, etc.

The lease contained a covenant of the lessor, that the lessee " on paying the said yearly rent, and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid, and any extension thereof, as before provided for."

The lessor died prior to the expiration of the fifteen years. Defendants succeeded to his interests. Plaintiff is assignee of the lessee. On the 28th August, 1868, plaintiff served on defendants a demand in writing for a renewal of the lease for a term of fifteen years, accompanying the demand with a lease executed in duplicate by plaintiff. Defendants declined to execute the same, and upon expiration of the term specified demanded possession.

The referee found that plaintiff was not entitled to a renewal or extension of the lease, and that the holding of the plaintiff since the expiration of the term was wrongful; that defendants were entitled to possession, with damages

for the withholding, and were entitled to judgment for costs, etc.

Judgment was entered accordingly.

*W. A. Beach* for the appellants. The lease contains no covenants of renewal entitling plaintiff to claim a new demise. (*Kling* v. *Dress*, 5 Robt., 521; *House* v. *Burr*, 24 Barb., 525; *Cretian* v. *Doney*, 1 N. Y., 419.) The provision for extension is void under the statute of frauds. (*Wright* v. *Weeks*, 25 N. Y., 153; *Stocker* v. *Partridge*, 2 Robt., 193, 202, 204.) It is void for uncertainty. (*Abeel* v. *Radcliffe*, 13 John., 297; Taylor's Landlord and Tenant, § 75, etc.; *Buckmaster* v. *Thompson*, 36 N. Y., 558.) It is void as tending to create a perpetuity. (*Carr* v. *Ellison*, 20 Wend., 178.) This case is not one of equitable jurisdiction. (*M. Ins. Co.* v. *City of N. Y.*, 3 Keyes, 182; *Supp* v. *Kensing*, 5 Robt., 609.)

*John H. Reynolds* for the respondent. If the covenant be for renewal it runs with the land and binds defendant Wager. (*Piggott* v. *Mason*, 1 Paige, 412; 4 Kent Com., 109.) The lessee has the right to retain possession till the owner of the reversion grants a new lease. (6 Wend., 596; 2 Duer., 444.) The true remedy for the tenant is to compel specific performance. (1 Paige, 412.) The election of the lessee properly signified extends the lease over the further time chosen. (1 Com., 419; *House* v. *Burr*, 24 Barb., 525; *Ranlet* v. *Cook*, 44 N. H., 512.) The performance of the contract will be enforced in a court of equity. (*Piggott* v. *Mason*, 1 Paige, 412; 9 Vesey, 332; id., 325.) The clause is capable of being made certain by the exercise of the lessee's right to fix the time of extension and is valid. (3 Seld., 472; *Hyde* v. *Skinner*, Peere. Wms., 196; Taylor's L. & T., 158; *Bridges* v. *Hitchcock*, 1 Bro. P. C., 522.)

Folger, J. This is an action on the equity side of the court to restrain the defendants from interfering with or dis-

turbing the possession of the plaintiff of certain premises in West Troy; and asking that the court adjudge the specific performance of an alleged covenant, to execute a second lease thereof, so as to carry into effect that certain covenant, claimed to be contained in a lease heretofore executed.

The lease was executed on or about the 30th of August, 1853, between Levinus A. Lansing, from whom the defendants derive their title, and Erastus S. Prosser, who is the assignor of the plaintiff. Lansing was the lessor and Prosser was the lessee. The lease began on the 1st of September, 1853, and, being for a term of fifteen years, it ended on the 1st of September, 1868. The rent was thirty dollars yearly, payable on the 1st of September in each and every year during the term. The lessee was also to pay all taxes that might be assessed on the premises. The lease contained this further clause: " With privilege of keeping and occupying said lots for such further time, after the expiration of said term, as said party of the second part (the lessee) shall choose or elect, yielding and paying therefor the same rent and all taxes as aforesaid." The lessee expressly covenanted to pay to the lessor the yearly rent as in the lease specified, and upon the days thereinbefore specified of fifteen years, or at the expiration of such further time as the lessee may choose or elect, as aforesaid, to hold the same. And the lessor did covenant that the lessee, on paying the yearly rent and performing his covenants, should hold the premises for the term aforesaid, and for any extension thereof, as before provided for. The lessor died before the 30th of December, 1867; and on or about that day his devisee conveyed the premises to the defendant Wager, subject to all the covenants and conditions of the lease, so far as obligatory, with the right reserved to Wager to dispute the obligation of them. The plaintiff, on the 28th of August, 1868, demanded of Wager a lease for a term of fifteen years longer.

If this provision, giving the lessee the privilege of keeping and occupying the premises demised for such further time as he shall choose or elect, connected with the other clauses of

the lease relating thereto, be treated as a covenant running with the land; it is the most which in that respect can be claimed for it by the plaintiff.

If it were simply a covenant to renew, it would imply a renewal for the same term and for the same rent. (*Tracy* v. *Albany Exch. Co.*, 7 N. Y., 474.) But it is not such; nor is there any room left for implication. The same rent for the period of further occupation, as was reserved for the specified term of fifteen years, is expressly provided for. It is expressly provided that the taxes shall be paid by the lessee through the period of further occupation. Nor can it be implied that the same term is provided for; as it is expressed that the further occupation shall continue as long as the lessee shall choose or elect. Nor can it be implied that the rent is to be paid on the same annually recurring day of payment, as was the rent for the specified term of fifteen years. The special clause, providing for the further occupation, is silent as to the day of payment of the rent. In the covenant of the lessee to pay the rent however, he binds himself to pay the yearly rent in the lease specified, upon the days therein specified of fifteen years, *or* at the expiration of such further time as the lessee might choose or elect to hold the premises. The use of the disjunctive "*or*" might be held, on a literal construction of solely the covenant of the lessee, to give to him the alternative of paying rent in installments on the 1st of September in each year, or in gross on the expiration of the further term for which he might choose to occupy. But this could not have been the intention of the parties. It is not to be supposed that the lessor could have intended to wait for his rent until the term of fifteen years had run out, and also for such further time of occupancy as the lessee should choose to take. And besides, in the former part of the lease the days for the payment of the rent for the specified term are fixed; being the 1st of September in each year during the same. So that the clause in the lessee's covenant for payment of rent, fixing the time therefor at the expiration of the further time of occupancy chosen by him, must

be referred solely to the rent accruing during such further time. Thus considered, we have a provision for further occupation, which by its terms definitely settles the amount of the rent, and, to an extent, the time for the payment of it; but by placing the length of time of such further occupation in the choice or election of the lessee, leaves it, *a priori*, entirely uncertain and indeterminate; and which precludes the implication from the provisions of the lease of anything as to these matters.

If these provisions which have been referred to, and which are relied upon by the plaintiff, do constitute a covenant on the part of the lessor, the covenant made is not one for a renewal of the lease. There is no coincidence with that, but in the premises to be enjoyed, and in the amount of rent to be paid therefor.

If we treat these provisions as a covenant on the part of the lessor for a new lease, the question arises, is it valid and enforceable, or is it void for uncertainty; specific performance of which may not be adjudged? It has been held that where no term is fixed by the covenant, it is void for uncertainty. (*Abeel* v. *Radcliff*, 13 J. R., 296.) The covenant in that case was that the lessors should take the buildings on the lot at an appraisal of three indifferent men, to be chosen by the parties, *or let the lot* at a yearly rent to be thus fixed. The court held that the covenant was void for uncertainty as to the term. And the decision is put upon the requirements of the statute of frauds. The agreement is condemned, inasmuch as being one which is required to be in writing, and hence to be certain in itself, or capable of being made so by a reference to something else whereby the terms can be ascertained with reasonable precision, it does not come up to the requirement. It would have been practicable in that case, for the lessors to have chosen or elected for what term they would have let the lot; there being no term specified, and they agreeing generally to let. And they did afterward offer to give a lease for a term not exceeding ten years. But no consideration is given to this fact in the opinion of the

court; and the decision seems put upon the ground alone that the agreement is not in itself certain, and does not refer to something else which is. The subsequent determination of the lessor was not noticed. (See *Wright* v. *Weeks*, 25 N. Y., 153; *Lawson* v. *Mead*, Lalor's Supp., 158.) In *Rutgers* v. *Hunter* (6 J. C. R., 215) an agreement to redemise the premises at such rent and upon such terms as might be agreed upon was said by the chancellor to be quite analogous to the covenant in *Abeel* v. *Radcliff* (*supra*), to let the lot; and he seems to have thought it void for uncertainty. And in *Tracy* v. *Albany Exch. Co.* (3 Seld., 472) it is said by Jewett, J., upon these and other authorities, that a covenant to renew upon such terms as might be agreed upon is void for uncertainty. See *Whitlock* v. *Duffield* (1 Hoffman's Ch. R., 110) to same effect. Nor does it seem that this is put upon the ground that, possibly there might be no agreement by the parties upon the terms, and so for the want of such agreement, never any certainty; but upon the ground that at the time when the covenant was entered into, there was then no certainty in it as to the term, nor did it refer to any collateral fact or circumstance which gave certainty. It was thus understood in *Fish* v. *Hubbard's Adm'rs* (21 Wend., 663, 664), where Cowen, J., says of *Abeel* v. *Radcliffe*: "The clause, rejected for uncertainty, had no reference to a subsisting object."

And so it is said, that if one let lands for such a term as both parties shall please, this is but a lease at will; because what that term will be is utterly uncertain. (Bacon Ab. Lease, L., 3.) That is, as I understand the proposition, that it is at the time of the lease utterly uncertain, what term the parties will please, and not that they may never please to fix upon a certain term. For the certainty of the continuance of the term ought to be ascertained, either by the express limitation of the parties at the time of the lease made, or by a reference to some collateral fact, which may with equal certainty measure the continuance thereof; otherwise it will be void. (Id.) And in *Whitlock* v. *Duffield* (*supra*) it is said

to be a general principle that, for the court to decree a specific performance of an agreement, all of its material terms and conditions must be in writing, either in the agreement itself or by plain reference to a written paper supplying an omission.

Now it is plain, that there is nothing in the instrument before us which specifies and makes certain the term for which the new lease was to be given, or for which the lessee was to enjoy a further occupation after the first lease had expired. Nor is there any reference to any writing then in being, nor to any collateral fact or circumstance then existing, which made it certain.

It is claimed however by the plaintiff, that the election of the lessee properly signified, may operate to extend the instrument over the whole period, and make it a lease to cover not only the original term but the further time chosen. *Chretien* v. *Doney* (1 N. Y., 419) is cited as an authority for this position. In that case there was a lease for one year, and the lessee had the privilege to hold for one year, one month and twenty days longer; but if he left he was to give four months' notice before the expiration of the lease. No notice was given by the lessee, and the court held it a lease for the whole term of two years, one month and twenty days, at the rent named in the lease, and payable as therein named. But there the term was specified as to its length, resting in the option of the lessee whether the lease should continue through the term. And so it was in *House* v. *Burr* (24 Barb., 525), and in *Ranlet* v. *Cook* (44 N. H., 512). And in *Tracy* v. *Albany Exch. Co.* (3 Seld., 472), there was nothing left indefinite. The term was fixed at three years longer than that to which the lessee was bound. The rent for the extended term was, in the silence of the lease as to it, to be the same as for the first term. This was thus arrived at by implication of law from that silence. It was at the option of the lessee to take the premises for the three years longer, on the same terms as to rent and the payment of it. Nothing was left for the future to determine but the exercise of his

option. *Hyde* v. *Skinner* (2 P. Wms., 196) is a decision somewhat favorable to the view of the plaintiff. The lease there contained a covenant "to renew the lease for such further term as the lessee should then desire." This does not appear in the report in Peere Williams, but is so stated in the report as cited in 1 Harg. Jurid. Argumts., 426. (See 1 Hoff. Ch. R., 117, *supra*.) This case has however, been much criticised, and declared to be hardly an authority in any case. (*Furnival* v. *Crew*, 3 Atkyns, 88.) In *Bridges* v. *Hitchcock* (1 Bro. P. C., 522) the contention seems to have been whether the new lease should contain a covenant for a still further renewal. And it was so adjudged, principally as is to be gathered from the case, upon the ground that the lessee had made valuable improvements upon the demised premises, expecting a renewal from time to time as the term expired. And the same reason was stated for the decision in *Hyde* v. *Skinner*. It does not appear that the question now raised was had in consideration by court or counsel in either of those cases. It is to be noticed too, that in them, the covenant was to grant such further lease, or a lease for such further term, as the lessee should desire. This, as will appear further on, makes an important difference between them and the case in hand.

I am aware that the duration of the term may be reduced to certainty by matter *ex post facto*. Thus, it is said in *Say* v. *Smith* (1 Plowden, 269) if I make a lease to one for so many years as I. S. shall name, and afterward I. S. in my lifetime, names a certain number of years, it shall be a good lease for so many years as he names; for it is my demise, and I am content that he should name the years, which by my own reference to his nomination, is as much as if I myself had named them. This instance is put in illustration of the general principle, stated in the same place, that every contract sufficient to make a lease for years, ought to have certainty in three limitations, viz.: in the commencement of the term, in the continuance of it, and in the end of it. So that (the authority continues) all these ought to be known at

the commencement of the lease. So if the lease has a certain appointment of the number of years, although the commencement or the end of it is certainly appointed upon an uncertain time, yet such lease shall be good as a lease for years, after the lessee hath done such an act.

Now it may not seem that in principle, there is any distinction between a contract for a lease for so many years as I. S. shall name, and one for so many years as the lessee shall name. It may be that there is not. We are not here called upon to say how that is. The clause in the contract before us does not provide to that effect. By it the occupation is not for such further time after the expiration of the first term as the lessee shall name. He is not by it before or when he begins that occupation to name and specify the number of years for which he will continue as tenant. But the occupation is to run along without a determined continuance specified beforehand; and is for its duration, dependent all the while upon his choice or election, unexpressed as to a definite term thereof, so that it may continue indefinitely, and be arrested whenever he wills. It is similar to a provision for such time as both parties please (Bacon Ab., *ut supra*); or a lease giving a right to occupy as long as lessee pleases. (*Doe* v. *Richards*, 4 Ind., 374; *Cheever* v. *Pearson*, 16 Pick., 266.) And here is the difference above alluded to, in the case in hand from *Hyde* v. *Skinner* and *Bridges* v. *Hitchcock*. A lease for so long as both parties shall please, or for so long as the lessee shall please, is said to be a lease at the will of both lessor and lessee. (Bacon Ab., *supra*; *Doe* v. *Richards*, *supra*.) It is at the most, a tenancy from year to year, so long as both parties please; for the courts do not willingly construe demises, where no certain term is mentioned, to be tenancies at will, and incline to hold them to be from year to year, especially where an annual rent is reserved. (*Jackson* v. *Bryan*, 1 J. R., 322.)

Moreover, when certainty of continuance depends upon matter *ex post facto*, that matter must occur in the lifetime of both the lessor and lessee (*Rector of Chedington's Case*

1 Coke's R., p. 380, 155, *b* ; *Say* v. *Smith, supra* ; Plowd., 269–273, *b*), because no interest passes out of the lessor during his lifetime; and after his death the naming of the years will come too late; (Platt on Leases, 2d vol., p. 72, most of whose citations I have verified, and find that they are to the point stated in the text). It follows that the demand by the plaintiff for a renewal of the lease, and the tender of an instrument in writing to the defendant Wager, for execution by him, was of no avail. There was a specified term of fifteen years fixed in that instrument. But a renewal for that term was not provided for in the lease; nor was there the power given in it to the lessee to name any definite term; nor was the term named in the lifetime of the lessor.

In my judgment the most that the lease created, by the provisions under notice, was a tenancy from year to year, determinable at the will of either party upon giving the requisite notice.

The learned referee was right in his conclusion of law that the plaintiff was not entitled to a renewal or extension of the lease as demanded; and that it had shown no facts entitling it to the equitable relief sought. But he was in error in adjudging that the plaintiff had no remaining interest or title in or to the premises, or to any part of the same; and that the holding of the premises by the plaintiff, since the expiration of the term of fifteen years, has been and still is wrongful; and that the defendant Wager, is entitled to possession of the premises, with damages for the withholding thereof.

The General Term reversed the judgment of the referee as a whole; and in this we think it was in error.

The judgment should be modified. It should be adjudged that the plaintiff is not entitled to a renewal or extension of the lease as demanded, and that it has shown no facts entitling it to the equitable relief sought. And the defendants should have judgment to that extent against the plaintiff, with costs in all the courts.

All concur, except Peckham, J., not sitting, and Allen, J., not voting.

Judgment accordingly.