(83 App. Div. 174.)

## WOOD v. HUSTED.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. GUARANTY OF LEASE—ACTION AGAINST GUARANTOR—PLEADING EXISTENCE OF LEASE.
   A complaint in action against the guarantor in a lease alleging that M., by agreement in writing with plaintiff, hired of the plaintiff, and plaintiff leased to M., certain property at a specified yearly rental, sufficiently alleges a valid lease.

2. SAME—CONSIDERATION OF GUARANTY—ALLEGATIONS—SUFFICIENCY.
   In an action against the guarantor in a lease it appeared from the face of the contract as set up in the complaint that the guaranty was dated subsequent to the commencement of the lease, but the complaint alleged that in consideration of $1 paid by plaintiff, defendant entered into the contract. *Held*, that the allegation was sufficient to show a good guaranty as against an objection that, the dates having been different, and the guaranty executed after the lease, there was no consideration.

3. SAME—IDENTIFICATION OF OBLIGEE.
   A complaint in an action against the guarantor in a lease alleged that plaintiff let certain premises to M., and that defendant, in consideration of $1, paid by the plaintiff, as security for payment of the rent, executed to plaintiff an agreement that recited that: "In consideration of the letting of the premises within mentioned to M., and the sum of one dollar

to be paid to the said party of the first part, I agree with the said party of the first part that, if default shall be made by M. in payment of the rent," etc., "I will pay the rent, or any arrears thereof." *Held*, that the complaint sufficiently identified plaintiff as the obligee.

Appeal from Trial Term, Westchester County.

Action by John H. Wood against James W. Husted. From a judgment in favor of plaintiff defendant appeals. Affirmed.

See 81 N. Y. Supp. 1148.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

James W. Husted, for appellant.
Nathan P. Bushnell, for respondent.

HOOKER, J. This is an appeal from an interlocutory judgment overruling defendant's demurrer to the complaint. The plaintiff avers in his complaint that on or about the 1st day of June, 1900, one John C. Mooney, by agreement in writing with the plaintiff, hired of the plaintiff, and the plaintiff leased to said Mooney, certain property, at the yearly rental or sum of $420, to be paid in equal monthly payments or installments in advance. The third paragraph is as follows:

"That the defendant, James W. Husted, in consideration of the aforesaid letter and of one dollar paid by the plaintiff as security for the payment of the said rent, then and there subscribed and delivered to the plaintiff an agreement in writing, of which the following is a true copy, to wit:

"In consideration of the letting of the premises within mentioned to the within-named John C. Mooney, and the sum of one dollar to be paid to the said party of the first part, I do hereby covenant and agree to and with the said party of the first part above named, and his legal representatives, that, if default shall at any time be made by the said John C. Mooney in the payment of the rent and the performance of the covenants contained in the within lease on his part to be paid and performed, that I will well and truly pay the said rent or any arrears thereof that may remain due to the said party of the first part, and also all damages that may arise in consequence of the nonperformance of said covenants, or either of them, without requiring notice of any such default from said party of the first part. Witness my hand and seal this 7th day of June, in the year one thousand nine hundred.
                                        " 'James W. Husted. [L. S.]
" 'Witness: John C. Mooney.' "

The concluding allegations are that Mooney has not paid the sum of rent which was due from June 1 to February 1, 1901, inclusive, and that by reason of the premises there hath accrued to the plaintiff against the defendant a cause of action to recover the sum of $315, no part of which has been paid, and all of which is now due and owing from the defendant.

In support of the demurrer, the defendant contends, first, that there is in the pleading no allegation of the delivery of the written lease; second, that the agreement set forth in the third paragraph is without consideration; third, that the agreement sued upon is void because the name of the obligee is not stated on its face, and cannot be ascertained from the complaint by intrinsic reference, and that it nowhere appears upon the face of the complaint that the defendant covenanted with the plaintiff in any manner; and, fourth, that the term of the said

agreement in writing is not stated, and cannot be inferred with reasonable certainty, ex facie.

The language of the complaint treating of the agreement between the plaintiff and Mooney is, we think, sufficient to set forth an actual and valid contract between them. The averment is that Mooney hired of the plaintiff and the plaintiff leased to Mooney certain real property. This is quite sufficient to set forth the reciprocal covenants and privileges to admit proof thereof, whether the contract was in writing or verbal. The appellant strongly contends that, because it appears affirmatively on the face of the contract sued upon that the guaranty was dated subsequent to the commencement of the term, there is no consideration to support it; but a complete answer to that is that in the first clause of the third paragraph the plaintiff alleges that in consideration of the letter, and in consideration of the sum of $1 paid by the plaintiff, the defendant entered into the contract of guaranty. This allegation is quite sufficient to admit proof of the fact stated, and, as far as the demurrer is concerned, the plaintiff has alleged a sufficient consideration to support the guaranty. It is true that in the writing which is the subject of the suit the obligee is not mentioned with that clearness or particularity which characterizes artistic pleadings, but we are not prepared to say that who the obligee is cannot be spelled out of the whole language of the third paragraph of the complaint. Judge O'Brien, speaking for the Court of Appeals, in Kain v. Larkin, 141 N. Y. 144, 150, 36 N. E. 9, said:

"In such a case the demurrer cannot be sustained unless it appears, admitting all the facts alleged, that no cause of action whatever is stated. The demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred. The pleading may be deficient in technical language or in logical statement, but, as against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment."

Applying this rule, the obligee may be ascertained as the plaintiff. The contract recites, "I do hereby covenant and agree to and with the said party of the first part above named," and in the same paragraph it is distinctly alleged that the consideration of $1 passed to the defendant from the plaintiff. The reasonable inference is that the consideration passed to the obligor from the party with whom he was covenanting and agreeing. We do not think this is an unfair intendment, and, if it is not, the identity of the obligee is sufficiently revealed to support the pleadings. From the expressions used in the guaranty it is quite apparent that it was originally drawn in connection with a lease; for it refers to the said party of the first part in three distinct clauses, and speaks of the covenants contained in the within lease.

The appellant would have us hold that, because the allegation of the contract between the plaintiff and Mooney does not name any period of time as the duration of the lease, it is void, and consequently any contract to guaranty payment of rent under the lease is unenforceable. He refers us to Western Transportation Co. of Buffalo v. Lansing, 49 N. Y. 499. This appears, however, to be an authority for the plaintiff. In that case the lessor entered into a lease with the defendant by

which the latter was to have possession of the premises for a term of years and the privilege of keeping and occupying the same for a further time after the expiration of the term, as he might elect, paying therefor the same rent. The lessor died before the expiration of the original term, and it was held that the lessee was not entitled to renewal or extension of the lease. It was decided that the most that is created by the clause was a tenancy from year to year after the expiration of the term, which, upon giving the required notice, is, at the pleasure of either the lessee or reversioner, determinable. The plaintiff and Mooney had the power to enter into a valid contract of lease for a term of years or from year to year, and there is nothing in the law to invalidate an obligor's undertaking to guaranty the payment of rents, whichever form of tenancy may have been created. The defendant points to the language in American and English Encyclopædia of Law (2d Ed. vol. 18, p. 605):

"The lease must designate with certainty the term for which the lessee is to hold; otherwise it will be void for uncertainty."

This is doubtless true where parties have attempted to enter into a lease for a term of years. He has overlooked the language contained in the same volume, page 182, defining tenancy at will, which is as follows:

"A tenancy at will arises where lands or tenements are let by the lessor to the lessee to hold at the will of either party by force of which the lessee is in possession. A lease at the will of one of the parties is equally at the will of the other party. The law does not recognize a tenancy at the will of one of the parties merely, but implies that it shall be also at the will of the other party. The fact that a rent is reserved will not necessarily prevent the tenancy from being one at will. So also the tenancy may be one at will where the lease expressly so provides, though the rent reserved is payable periodically."

It is not required of us to determine whether the tenancy alleged in the complaint is one at will from year to year, or for a term of years. It is enough to say that the allegation is sufficient to create the relation of landlord and tenant between the plaintiff and Mooney, and to support a guaranty of the payment of the rent reserved.

The judgment appealed from should be affirmed, with costs. All concur.