OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether a lease which grants the tenant the right to terminate the agreement at a date of his choice creates a determinable life tenancy on behalf of the tenant or merely establishes a tenancy at will. The courts below held that the lease created a tenancy at will permitting the current landlord to evict the tenant. We granted the tenant’s motion for leave to appeal and now reverse the order appealed from.
In 1977 Robert Donovan owned a house located in Potsdam, New York. On April 14 of that year he leased the premises to the tenant Lou Gerrish. The lease was executed on a printed form and it appears that neither side was represented by counsel. The blanks on the form were filled in by Donovan who provided the names of the parties, described the property and fixed the rent at $100 a month. With respect to the duration of the tenancy the lease provides it shall continue “for and during the term of quiet enjoyment from the first day of May, 1977 which term will end — Lou Gerrish has the privilege of termination [sic] this agreement at a date of his own choice” (emphasis added to indicate handwritten and typewritten additions to the printed form). The lease also contains a standard reference to the landlord’s right to reentry if the rent is not timely paid, which is qualified by the handwritten statement: “Lou has thirty days grace for payment”.
*578 Gerrish moved into the house and continued to reside there, apparently without incident, until Donovan died in November of 1981. At that point David Garner, executor of Donovan’s estate, served Gerrish with a notice to quit the premises. When Gerrish refused, Garner commenced this summary proceeding to have him evicted. Petitioner contended that the lease created a tenancy at will because it failed to state a definite term. In his answering affidavit, the tenant alleged that he had always paid the rent specified in the lease. He also contended that the lease granted him a tenancy for life, unless he elects to surrender possession during his lifetime.
The County Court granted summary judgment to petitioner on the ground that the lease is “indefinite and uncertain *** as regards the length of time accorded respondent to occupy the premises. Although the writing specifies the date of commencement of the term, it fails to set forth the duration of continuance, and the date or event of termination”. The court concluded that the original landlord leased the premises to the tenant “for a month-to-month term and that petitioner was entitled to terminate the lease upon the death of the lessor effective upon the expiration of the next succeeding monthly term of occupancy”. In support of its decision the court quoted the following statement from our opinion in Western Transp. Co. v Lansing (49 NY 499, 508): “A lease * * * for so long as the lessee shall please, is said to be a lease at will of both lessor and lessee”.
The Appellate Division affirmed for the same reasons in a brief memorandum (99 AD2d 608).
On appeal to our court, the parties concede that the agreement creates a lease. The only question is whether it should be literally construed to grant to the tenant alone the right to terminate at will, or whether the landlord is accorded a similar right by operation of law.
At early common law according to Lord Coke, “when the lease is made to have and to hold at the will of the lessee, this must be also at the will of the lessor” (1 Co Litt, § 55a). This rule was generally adopted in the United States during the 19th century and at one time was said to represent the majority view (see Ann., 137 ALR 362, 367; *579 51C CJS, Landlord and Tenant, § 167, p 475). However, it was not universally accepted (see, e.g., Effinger v Lewis, 32 Penn 367; Gunnison v Evans, 136 Kan 791; Thompson v Baxter, 107 Minn 122) and has been widely criticized, particularly in this century, as an antiquated notion which violates the terms of the agreement and frustrates the intent of the parties (1 Tiffany, Real Property [3d ed], § 159; 1 American Law of Real Property [Casner ed, 1952], § 3.30; Schoshinski, American Law of Landlord and Tenant, § 2:7; see, also, Restatement, Property 2d, Landlord and Tenant, § 1.6).
It has been noted that the rule has its origins in the doctrine of livery of seisin (Tiffany, op. cit., § 159; Effinger v Lewis, supra), which required physical transfer of a clod of earth, twig, key or other symbol on the premises in the presence of witnesses, to effect a conveyance of land (2 Blackstone’s Comm, pp 315, 316; Black’s Law Dictionary [Fourth ed], p 1084). Although this ceremony was not required for leases, which were generally limited to a specified term of years, it was necessary to create a life tenancy which was viewed as a freehold interest. Thus, if a lease granting a tenant a life estate was not accompanied by livery of seisin, the intended conveyance would fail and a mere tenancy at will would result. The corollary to Lord Coke’s comment is that the grant of a life estate would be enforceable if accompanied by livery of seisin and the other requisites for a conveyance. Because such a tenancy was terminable at the will of the grantee, there was in fact no general objection at common law to a tenancy at the will of the tenant. The express terms of a lease granting a life tenancy would fail, and a tenancy at will would result, only when livery of seisin, or any other requirement for a conveyance, had not been met (see, generally, Tiffany, op. cit., § 159; Effinger v Lewis, supra; Tennant v Tennant Mem. Home, 167 Cal 570; Myers v East Ohio Gas Co., 51 Ohio St 2d 121).
Because livery of seisin, like the ancient requirement for a seal, has been abandoned, commentators generally urge that there is no longer any reason why a lease granting the tenant alone the right to terminate at will, should be converted into a tenancy at will terminable by either party *580 (Tiffany, op. cit., § 159; 1 American Law of Property, op. cit., § 3.30; Schoshinski, op. cit., § 2:16, pp 61, 62). The Restatement adopts this view and provides the following illustration: “L leases a farm to T Tor as long as T desires to stay on the land’. The lease creates a determinable life estate in T, terminable at T’s will or on his death.” (Restatement, Property 2d, Landlord and Tenant, § 1.6, Comment g, Illustration 6.) This rule has increasingly gained acceptance in courts which have closely examined the problem (Myers v East Ohio Gas Co., supra; Collins v Shanahan, 523 P2d 999 [Col]; Thompson v Baxter, supra; Gunnison v Evans, supra; Effinger v Lewis, supra).
This court has never specifically addressed the issue. In 1872 we applied the Coke dictum by analogy, and without attribution, in Western Transp. Co. v Lansing (49 NY 499, supra). The case did not deal with a tenant’s right to terminate a lease, but with the right of a tenant to renew a lease beyond its initial term “for such further time, after the expiration of said term, as said party of the second part (the lessee) shall choose or elect” (Western Transp. Co. v Lansing, supra, at p 502). The initial term was for 15 years. At its expiration the original lessor had died and the lessee had assigned the lease to a corporate tenant which sought specific performance of the right to renew. Although on that occasion the assignor only requested renewal for an additional 15 years, we held that the renewal clause itself was indefinite and unenforceable. In the course of the opinion we observed (at p 508) that the renewal clause “is similar to a provision for such time as both parties please * * * or a lease giving a right to occupy as long as lessee pleases * * * A lease for so long as both parties shall please, or for so long as the lessee shall please, is said to be a lease at the will of both lessor and lessee”.
Several years later, however, in Hoff v Royal Metal Furniture Co. (117 App Div 884), where the initial term of the lease was for one year renewable “from year to year” by the tenant “its successors or assigns”, our earlier Western Transp. case was held by the Appellate Division to pose no obstacle to enforcing the original tenant’s request for a one-year renewal made during the life of the lessor who had signed the lease. On appeal to this court we affirmed *581 without opinion (189 NY 555). These cases illustrate that seemingly perpetual leases are not favored by the law, and will not be enforced unless the lease clearly grants to the tenant or his successors the right to extend beyond the initial term by renewing indefinitely.
In the case now before us the lease does not provide for renewal, and its duration cannot be said to be perpetual or indefinite. It simply grants a personal right to the named lessee, Lou Gerrish, to terminate at a date of his choice, which is a fairly typical means of creating a life tenancy terminable at the will of the tenant (Restatement, Property 2d, op. cit., Illustration 6; Collins v Shanahan, supra). Thus the lease will terminate, at the latest, upon the death of the named lessee. The fact that it may be terminated at some earlier point, if the named tenant decides to quit the premises, does not render it indeterminate. Leases providing for termination upon the occurrence of a specified event prior to the completion of an otherwise fixed term, are routinely enforced even when the event is within the control of the lessee (Schoshinski, op. cit., § 2:7, pp 41-42).
In sum, the lease expressly and unambiguously grants to the tenant the right to terminate, and does not reserve to the landlord a similar right. To hold that such a lease creates a tenancy terminable at the will of either party would violate the terms of the agreement and the express intent of the contracting parties.
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur.
Order reversed, with costs, and petition dismissed.