■ WARREN STREET ASSOCIATES, Appellant-Respondent, v CITY HALL TOWER CORP., Respondent-Appellant. [608 NYS2d 429] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 14, 1992, which, *inter alia,* granted plaintiff tenant's motion for a *Yellowstone* injunction, granted defendant landlord's cross motion for summary judgment declaring that plaintiff's renewal options under the lease are null and void as violative of the rule against perpetuities (EPTL 9-1.1), and granted plaintiff's cross motion for summary judgment declaring that the lease in issue is enforceable, further declaring that certain of defendant's claims for operating expenses are time-barred or waived, dismissing defendant's counterclaim for past due rent, and sustaining plaintiff's claim for reimbursement of repair expenses, unanimously affirmed, with costs.

Although the rule against perpetuities generally does not apply to options appurtenant to leases *(Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 165), the IAS Court properly held that the six 25-year renewal options contained in paragraph 14 of the lease are null and void since they could be exercised after the initial lease term had expired *(see,* Restatement of Property § 395). Nor should the court rewrite the specific and unambiguous language of the options clause drafted by plaintiff's principals, so as to qualify it for exemption from the rule by eliminating the notification provision and allowing the options to be exercised only during

the lease term *(see, Buffalo Seminary v McCarthy,* 86 AD2d 435, 446, *affd* 58 NY2d 867).

Contrary to defendant's contention, the lease was supported by consideration due to the mutuality of obligations, and the conduct of the parties over ten years, including the payment of rent, maintenance of insurance, and installation of improvements *(see, Ferguson v Ferguson,* 97 AD2d 891, 892). The lease was also for a definite term, and plaintiff's option to terminate at particular times did not make the tenancy indeterminate *(see, Garner v Gerrish,* 63 NY2d 575, 581).

Plaintiff's cause of action for reimbursement of expenses incurred in making repairs was not time-barred, as the breach of the express covenant of reimbursement gave rise to a cause of action separate and distinct from the breach of the underlying duty to repair, and accrued upon refusal of reimbursement *(see, Maflo Holding Corp. v S. J. Blume, Inc.,* 308 NY 570, 575). The court properly dismissed defendant's claim for past due rent as time-barred. Plaintiff's letter on July 17, 1991 disputing the debt was not an acknowledgment pursuant to General Obligations Law § 17-101 that made the claim timely *(see, Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521). The court also properly estopped defendant from asserting additional sums for operating expenses for the years 1984 to 1987 for failure to provide certified and audited financial statements as required by the lease *(see, Frequency Elecs. v We're Assocs. Co.,* 120 AD2d 489, 490). Concur—Sullivan, J. P., Ellerin, Kupferman, Rubin and Tom, JJ.