ACCEPTED
03-15-00463-CV
7691105
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/4/2015 11:16:14 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00463-CV

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/4/2015 11:16:14 PM
JEFFREY D. KYLE
Clerk

_____

PENSIVE PROPERTIES, LP,

Appellant

vs.

TERRY BARNHART AND ALL OCCUPANTS

Appellees

_____

BRIEF OF APPELLEES, TERRY BARNHART AND ALL OCCUPANTS

_____

Respectfully Submitted,

Michael M. Probus, Jr.
PROBUS LAW FIRM, PLLC
State Bar No. 16341500
1701 Directors Blvd., Suite 290
Austin, Texas 78744
(512) 480-9504      (Telephone)
(512) 320-0100      (Fax)
mike@probuslawfirm.com

ATTORNEY FOR APPELLEES

**ORAL ARGUMENT REQUESTED**

**TABLE OF CONTENTS**         **Page**

TABLE OF CONTENTS ................................................................................ ii

INDEX OF AUTHORITIES ........................................................................ iii

STATEMENT OF THE CASE ......................................................................1

STATEMENT REGARDING ORAL ARGUMENT ..................................2

STATEMENT OF FACTS ...........................................................................2

SUMMARY OF THE ARGUMENT...........................................................3

ARGUMENT ...............................................................................................3

       A. Barnhart's tenancy for a term equal to the remainder of his life as long as he performs maintenance is an enforceable determinable life tenancy, not a tenancy terminable at the will of the Landlord. ...................................................3

       B. Pensive Properties failed to preserve any claim that Barnhart's life tenancy violates the statute of frauds............................8

PRAYER ......................................................................................................9

CERTIFICATE OF COMPLIANCE ........................................................10

CERTIFICATE OF SERVICE ..................................................................10

# INDEX OF AUTHORITIES

**Page**

**Cases**

*Betts v. Betts,* 220 S.W. 575 (Tex. Civ. App.—Texarkana 1920, no writ) ..............4

*Garner v. Gerrish,* 63 N.Y.2d 575, 473 N.E.2d 223 (N.Y. 1984) .......................6, 7

*Haley v. GPM Gas Corp.,* 80 S.W.3d 114
(Tex. App.--Amarillo 2002, no pet.).......................................................5, 6

*Holcomb v. Lorino,* 124 Tex. 446, 79 S.W.2d 307 (Tex. 1935) ..............................5

*McLoud v. Knapp,* 507 S.W.2d 644 (Tex. Civ. App.—Dallas 1974, no writ).........4

*Nitschke v. Doggett,* 489 S.W.2d 335 (Tex. Civ. App.—Austin 1972),
*vacated by* 498 S.W.2d 335 (Tex. 1973)) ...................................................5, 6

*Rymes v. Caribean Cowboys, LLC*, 2013 Tex. App. LEXIS 7690
(Tex. App.—San Antonio 2013, pet denied) ..................................................4

*Texan Pearl, LLC v. Koegel,* 2015 Tex. App. LEXIS 10510
(Tex. App.—Austin 2015, no pet.). ........................................................5, 8

**Rules**

Tex. R. App. P. 33.1.....................................................................................8

Tex. R. App. P. 9........................................................................................10

**Other Authorities**

1 American Law of Real Property [Casner ed., 1952], §3.30 ..................................7

Restatement of the Law of Property (1936) ...................................................6

Restatement of the Law, Property, 2d, §1.6 .........................................................6, 7

1 Tiffany, Real Property [3d ed], §159 ....................................................................7

Schoshinski, American Law of Landlord and Tenant, §2:7 ......................................7

NO. 03-15-00463-CV

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

_____

PENSIVE PROPERTIES, LP,

Appellant

vs.

TERRY BARNHART AND ALL OCCUPANTS

Appellees
_____

BRIEF OF APPELLEES, TERRY BARNHART AND ALL OCCUPANTS
_____

TO THE HONORABLE COURT OF APPEALS:

**STATEMENT OF THE CASE**

Appellees, Terry Barnhart and all Occupants (Barnhart), accept

Appellant's Statement of the Case with the exception of Appellant's reference to the

owner that granted the life tenancy subject to this appeal as being "now deceased" and

the reference to the "current owner" as the "wife of the deceased." The owner that

granted the life tenancy subject to this appeal, and the current owner, is Appellant,

Pensive Properties, LP, a business entity whose existence has not been terminated or

1

suspended at any time material to this appeal. (Reporter's Record, Volume 2, hereinafter, "R.R., Vol. 2" p. 8, line 14 – p. 9, line 19; R.R., Vol. 3, Ex. 1.)

## STATEMENT REGARDING ORAL ARGUMENT

Barnhart believe that oral argument would assist the Court in applying the important legal issues in this appeal relating to the enforceability and interpretation of the terms of a tenancy for life.

## STATEMENT OF FACTS

Barnhart accepts Appellant's Statement of Facts with the following exceptions:

Melinda Kaiser, the widow of Jeff Blake, is *not* the current owner of the property subject to this appeal. (Brief of Appellant, p. 8.) The owner that granted the life tenancy subject to this appeal, and the current owner, is Appellant, Pensive Properties, LP, a business entity whose existence has not been terminated or suspended at any time material to this appeal. (Reporter's Record, Volume 2, hereinafter, "R.R., Vol. 2" p. 8, line 14 – p. 9, line 19; R.R., Vol. 3, Ex. 1.)

The testimony is conflicting whether "Melinda Kaiser discussed with Terry Barnhart the problems with his work…." (Brief of Appellant, p. 9.) Barnhart testified that Ms. Blake did not talk to him before replacing him and did not tell him he was not keeping up with what he was supposed to do. (R.R., Vol. 2, p. 34, lines 14 –

2

19.)

The testimony is conflicting whether "Melinda Kaiser … had to hire a lawn service to keep up the lawn." (Brief of Appellant, p. 9.) Barnhart testified that he always agreed to continue to perform the yard maintenance as he promised. (R.R., Vol. 2, p. 29, lines 13 – 15.)

## SUMMARY OF THE ARGUMENT

The trial court's judgment should be affirmed because Barnhart demonstrated that he had legal possession of the premises subject to an enforceable tenancy for life, which had not expired. Previous legal authorities interpreting a life tenancy as terminable at the will of the lessor have been rejected.

Pensive Properties waived any claim that Barnhart's life tenancy violated that status of frauds by failing to object to the relevant testimony in the trial court below.

## ARGUMENT

A. **Barnhart's tenancy for a term equal to the remainder of his life as long as he performs maintenance is an enforceable determinable life tenancy, not a tenancy terminable at the will of the Landlord.**

Appellant, Pensive Properties, LP (Pensive Properties), acknowledges in its Brief, as it must in light of the state of the record on appeal, that it may be assumed that Barnhart "established he was granted a tenancy for the remainder of his life, or so

3

long as he continued to perform yard maintenance…" (Brief of Appellant, p. 10.) The evidence at trial conclusively revealed that Barnhart remains very much alive, and Barnhart testified, in a manner suitable for belief by the trial court, that he "always agree[d] to continue to perform the yard maintenance service as [he] promised." (R.R., Vol. 2, p. 29, lines 13 – 15.)

Texas Courts have repeatedly held that life tenancies, granted by oral agreements such as the one subject to the present appeal, are legally enforceable despite the statute of frauds that would ordinarily require a lease for a term longer than one year to be in writing. *See Rymes v. Caribbean Cowboys, LLC,* 2013 Tex. App. LEXIS 790 (Tex. App.—San Antonio 2013, pet. denied)(citing *McLoud v. Knapp,* 507 S.W.2d 644 (Tex. Civ. App.—Dallas 1974, no writ) and *Betts v. Betts,* 220 S.W. 575 (Tex. Civ. App.—Texarkana 1920, no writ)). As recently as October 14, 2015, this Court approved the conclusion of *Rymes* that "real estate leases with terms for [the] "life of tenants" [are] not subject to [the] statute of frauds." *Texan Pearl, LLC v. Koegel,* 2015 Tex. App. LEXIS 10510 (Tex. App.—Austin 2015, no pet.).

In the present appeal, Pensive Properties contends that even though a tenant such a Barnhart may have been granted a life tenancy, such an agreement is not really interpreted literally, for the life of the tenant, but only amounts to a tenancy terminable at the will of the landlord and subject to a mere thirty-day notice of

4

termination. (Brief of Appellant, pp. 10-11.) In order to reach its desired conclusion, Pensive Properties must rely on an eighty year old case from the Texas Supreme Court, which itself does not address a case involving a life tenancy, *Holcomb v. Lorino,* 124 Tex. 446, 79 S.W.2d 307 (Tex. 1935), a forty-three year old case from this Court that was vacated by the Texas Supreme Court, *Nitschke v. Doggett,* 489 S.W.2d 335 (Tex. Civ. App.—Austin 1972), *vacated by* 498 S.W.2d 335 (Tex. 1973), and other authorities that rely on principles that have been criticized by leading authorities.

In the *Holcomb* case, the Texas Supreme Court addressed a lease from the City of Houston to a tenant "for so long as [the tenant] paid rent thereon and complied with the rules and regulations promulgated by the City of Houston…." *Holcomb,* 79 S.W.2d at 308. At the time of the execution of the lease in *Holcomb,* the City of Houston had an ordinance that provided the Mayor and/or the City Council the right "at their or either of their pleasure" to cancel leases of tenants in the tenant's market. *Holcomb,* 79 S.W.2d at 308. The Texas Supreme Court held that the duration of the lease in *Holcomb* was uncertain, resulting in a mere tenancy at will. *Holcomb,* 79 S.W.2d at 310. Each of the cases relied upon by Pensive Properties traces its Texas legal foundation to the *Holcomb* case, and the Amarillo Court of Appeals examined *Holcomb* in considerable detail in 2002 to conclude that the *Holcomb* opinion was limited to the facts of the particular case before it. *Haley v. GPM Gas Corp.,* 80

5

S.W.3d 114 (Tex. App.--Amarillo 2002, no pet.).

This Court, in the *Nitschke* case (later vacated on appeal), reluctantly relied upon the *Holcomb* case, the Restatement of the Law of Property (1936), and the Fifteenth Century holding of Sir Edward Coke to conclude that a lease term measured by the life of the tenant is terminable at the will of the landlord. *Nitschke,* 489 S.W.2d at 337. This Court in *Nitschke* noted its agreement with Justice Holmes that "It is revolting to have no better reason for a rule of law than that it was laid down in the time of Henry IV." *Nitschke,* 489 S.W.2d at 337.

Since this Court decided *Nitschke,* the Restatement of the Law of Property has been revised, *Holcomb* has been limited to its facts, and an influential jurisdiction, the New York Court of Appeals, has flatly rejected the entire line of ancient English common law that interprets life tenancies as terminable at the will of the landlord. *See Haley v. GPM Gas Corp.,* 80 S.W.3d 114 (Tex. App.--Amarillo 2002, no pet.); Restatement of the Law, Property 2d, §1.6, Comment g, Illustration 6; *Garner v. Gerrish,* 63 N.Y.2d 575, 473 N.E.2d 223 (N.Y. 1984).

In *Garner,* the New York Court of Appeals (the highest court in the State of New York) considered the proper interpretation of a tenancy for the life of a tenant. The New York Court of Appeals began its evaluation of such a lease with Lord Coke's ancient holding that such a lease would be terminable at the will of the lessor, but the

6

Court noted that this view was not universally accepted and "has been widely criticized, particularly in this century, as an antiquated notion which violates the terms of the agreement and frustrates the intent of the parties." *Garner,* 473 N.E.2d at 224 (citing 1 Tiffany, Real Property [3d ed], §159; 1 American Law of Real Property [Casner ed., 1952], §3.30; Schoshinski, American Law of Landlord and Tenant, §2:7; and Restatement, Property 2d, Landlord and Tenant, §1.6.) The *Garner* Court concluded that a lease for the life of the tenant is not perpetual or indefinite. *Garner,* 473 N.E.2d at 225.

Similarly, The current edition of the Restatement of Property, Landlord and Tenant, §1.6, Comment g, Illustration 6, states, "L leases a farm to T 'for as long as T desires to stay on the land.' The lease creates a determinable life estate in T, terminable at T's will or on his death."

Pensive Properties' interpretation of a life tenancy would clearly frustrate the intention of the parties to the agreement. Instead of the tenant having the confidence of a tenancy for the tenant's life, under Pensive Properties' interpretation, the tenant could never have a greater expectation than a tenancy at the will of the landlord, terminable upon thirty days' notice. The evidence in the present case demonstrates that the intent of the parties to the present lease was that Barnhart would have a tenancy for his life so long as he agreed to provide yard maintenance, which he

7

always agreed to provide. Accordingly, Pensive Properties was not free to terminate the life tenancy of Barnhart in the present case upon a mere thirty days' notice.

B. **Pensive Properties failed to preserve any claim that Barnhart's life tenancy violates the statute of frauds.**

In order to preserve any claim that Barnhart's life tenancy was barred by the statute of frauds, Pensive Properties was required to raise that objection with the trial court. *Texan Pearl, LLC,* 2015 Tex. App. LEXIS at \*5; Tex. R. App. P. 33.1. Pensive Properties asserted no objection to any of the testimony by which Barnhart described his tenancy as one for life; accordingly, this ground for relief on appeal is waived. Even if not waived, a lease for the life of a tenant is not subject to the statue of frauds. *Texan Pearl, LLC,* 2015 Tex. App. LEXIS at \*8.

8

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees, Terry Barnhart and all Occupants, pray that the trial court's judgment be affirmed, that Appellees recover their costs on appeal, and for such other relief to which they may show themselves entitled.

Respectfully submitted,

PROBUS LAW FIRM, PLLC
1701 Directors Blvd., Suite 290
Austin, Texas  78744
(512) 480-9504 (Telephone)
(512) 320-0100 (Facsimile)


By:___/s/ Michael M. Probus, Jr._____
     MICHAEL M. PROBUS, JR.
     State Bar No. 16341500
     mike@probuslawfirm.com

ATTORNEY FOR APPELLEES,
TERRY BARNHART AND ALL
OCCUPANTS

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i) and contains 2,320 words.

By:  /s/ Michael M. Probus, Jr.
MICHAEL M. PROBUS, JR.
State Bar No. 16341500
mike@probuslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon Mr. John M. Daves, John Daves & Associates, PLLC, 3624 North Hills Drive, Suite B-100, Austin, Texas 78731, attorney of record for Appellants, electronically through the electronic filing manager, in compliance with Tex. R. App. P. 9.5, on this 4th day of November, 2015.

By:  /s/ Michael M. Probus, Jr.
MICHAEL M. PROBUS, JR.