## FORMAN v. MASSONI.

### No. 11561.

Court of Civil Appeals of Texas. Galveston.

Oct. 7, 1943.

Rehearing Denied Dec. 16, 1943.

Terry, Cavin & Mills and J. G. Howard, all of Galveston, for appellant.

Randolph Pierson, of Galveston, for appellee.

CODY, Justice.

This is a suit for damages sustained by an automobile in a collision which occurred at a street intersection in Galveston, at which the automobiles of both parties were injured. The damages claimed by appellee were in excess of the County Court's jurisdiction. Prior to the filing of this suit, appellant brought his action to recover the damages to his automobile in the County Court, and successfully prosecuted said action to a recovery of damages against appellee. In said action in the County Court, appellee filed a cross-action for damages to his automobile against appellant in a sum in excess of that court's jurisdiction, but as such action was in excess of the jurisdiction of the County Court, he dismissed it before submission of the issues to the jury. Appellee promptly paid off the judgment obtained against him by appellant in the County Court, and then filed this action, being the same as the cross-action he dismissed in the County Court. Appellant filed a plea of res judicata and estoppel by judgment based upon the pleadings, proof, verdict and judgment in the first trial, the trial in the County Court. Upon the trial of this case (in the District Court), appellant's plea of res judicata and estoppel by judgment was by the court overruled, and judgment was rendered in favor of appellee upon his action in the sum of $250.

The only point urged on appeal is that the court erred in not sustaining appellant's plea of res judicata and estoppel by judgment. The parties represent, and we believe correctly so, that the point here presented has never been determined by an appellate Court in Texas. The following statement taken from appellee's brief clearly presents the point: "An examination of the pleadings in the County Court in Cause No. 15994, as well as the judgment therein, which sets out the verdict of the jury, demonstrates conclusively that the issues as to the responsibility for the accident were identical to those in the instant law-suit. Both the negligence and contributory negligence of the parties to this suit were examined and passed upon in the County Court and by a verdict of the jury and judgment of the Court, it was found that Louis Massoni (appellee in the instant case) was guilty of three separate and distinct acts of negligence, each of which was a proximate cause of the collision. The same verdict and the same judgment adjudicated that Victor Forman (appellant in the instant case) was free of negligence or contributory negligence."

We have carefully considered the points presented. Since appellee's claim for damage was beyond the County Court's power to adjudicate, the judgment of the County Court could not be res judicata thereon. See Tex.Jur., Vol. 26, § 442, page 192. However, the same issues which are presented in this case were presented in the County Court case and there determined in favor of appellant against appellee. The County Court had the power to determine such issues, even though it had no power to adjudicate appellee's cause of action based on such issues. For the only limitation upon the jurisdiction of the County Court on suits to recover damages is that such suits (in the first instance) shall be for not less than two hundred nor more than one thousand dollars. The County Court being a court of general jurisdiction within its prescribed limitations, there is no legal reason why, when issues between parties have been determined in that Court, such parties will not be estopped to litigate such issues in other actions.

In the case of Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 208, 27 S.W.2d 526, 527, it was said:

"Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader, and concludes the parties upon every question which was directly in issue, and was passed upon by the court in arriving at its judgment. Cromwell v. Sac County, 94 U.S. [351] 353, 24 L.Ed. 195; (and other authorities).

"In the case first cited, the difference between the rule as to the effect of a judgment upon the cause of action adjudicated

and that as to the scope of the estoppel upon questions in issue and determined, where they arise in subsequent litigation between the same parties concerning a different cause of action, is thus stated:

" 'There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, * * *. But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' "

The following authorities are in line with that just quoted: Rio Bravo Oil Co. **v.** Hebert, 130 Tex. 1, 106 S.W.2d 242; Stephenson v. Miller-Link Lbr. Co., Tex.Com. App., 277 S.W. 1039. In the case of Rankin v. Hooks, Tex.Civ.App., 81 S.W. 1005, 1006, suit was filed in the Justice Court for forcible entry and detainer, and judgment there rendered for plaintiff. Subsequently the defendant in said suit brought an action in the District Court against his adversary in the Justice Court to recover $1,500 damages for breach of the lease contract. Said the Court: "A material issue in the forcible detainer suit was whether defendant therein (appellee here) was entitled to the possession of the premises, and this involved the question whether he was holding possession thereof under a valid lease, entitling him to retain possession. That issue was determined in that case against the plaintiff in this suit. It is not for us to say whether the same was or was not correctly decided. It was so determined by a court having jurisdiction over the parties and the subject-matter, and must be held conclusive on this issue. It follows that the trial court erred in not sustaining the exception to the plea of res judicata."

As a result of a collision one party may suffer damages in the sum of $50,000, the other damages in the sum of not more than $19, a sum less than the appellate jurisdiction of the County Court. Upon the principle underlaying the holding we have made in this case a conclusive determination of the action for $50,000 might doubtless be had in the Justice Court. In such a case the public policy which limits the jurisdiction of the Justice Court to small matters obviously is inconsistant with the public policy embodied in the doctrine of estoppel by judgment, but is not necessarily in conflict therewith. If the defect requires remedying, recourse must be had to the policy making power of the State which fixes the jurisdiction of courts.

However, the fact that the point raised in this appeal is one of the first impression, and only now has been raised at this late date, does not seem to indicate any pressing need for a remedy.

The judgment of the trial court is reversed, and judgment is here rendered that appellee take nothing by his suit, and that appellant recover his costs.

Reversed and rendered.