**Adolfo GARCIA, Appellant,**

**v.**

**Candelario MUNOZ, Appellee.**

**No. 13293.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 15, 1958.

Rehearing Denied Feb. 12, 1958.

Rankin, Cherry & Martinez, Edinburg, for appellant.

Rafael H. Flores, McAllen, for appellee.

BARROW, Justice.

This is a suit on application for injunction, instituted by appellant against appellee in the trial court, for the purpose of enjoining the execution of a writ of possession issued from a judgment rendered by a justice of the peace in a suit of forcible detainer theretofore instituted by appellee, Candelario Munoz, against appellant, Adolfo Garcia. Appellant alleged that said judgment in the forcible detainer suit, rendered in the justice of the peace court, is void on its face because it gives plaintiff possession of the premises involved at a future date. The trial court upon final hearing rendered judgment for appellee, in all things denying the injunction, hence this appeal.

Appellant predicates this appeal upon the one point that the justice court judgment is void because the justice of the peace in said judgment ordered a ninety-day stay in the issuance of the writ of restitution.

It appears that on February 13, 1957, after a final trial in the Justice Court of Precinct No. 2 of Hidalgo County, judgment was rendered in favor of plaintiff, Candelario Munoz, and against defendant, Adolfo Garcia, and finding the defendant guilty of a forcible detainer of Lot No. 135, Hook Addition to the City of Donna, Hidalgo County, Texas, and that the facts and the law were with plaintiff and against defendant. The justice of the peace, however, ordered that said plaintiff "do have restitution from the defendant, Adolfo Garcia, at the end of Ninety (90) days from this date, * * *." It also appears, from the undisputed evidence, that after the justice of the peace had found for the plaintiff, Munoz, appellant, Garcia, requested the stay in the restitution, which request was granted. The granting of Garcia's request was gratuitous and, perhaps, erroneous but appellant, under the circumstances, had no right to complain of this error, and it did not deprive the court of jurisdiction and render the judgment void. We overrule appellant's contention.

Appellant cites the case of Maybin v. Fitzgerald, Tex.Civ.App., 45 S.W. 611, in support of his contention. The deci-

·sion in the Maybin case is bottomed on the proposition that the justice court proceeding, verdict and judgment showed on their face that the court attempted to adjudicate title to real estate, and that the defendant was not entitled to possession of the premises at the time of the filing of the complaint, and that such showing deprived the court of jurisdiction and therefore rendered the judgment void. Such is not the case here. The record shows that only the right of possession in praesenti is involved. Jurisdiction over such a case is lodged in the justice court by Article 3973, R.S. 1925.

The judgment is affirmed.