## FIREMAN'S FUND INSURANCE COMPANY, Appellant,

v.

## D. C. BYBEE, Appellee.

### No. 3421.

Court of Civil Appeals of Texas.

Eastland.

March 13, 1959.

Rehearing Denied April 10, 1959.

Ben D. Sudderth, Comanche, Jack C. Burroughs, Dallas, for appellant.

Callaway & Callaway, Brownwood, for appellee.

COLLINGS, Justice.

D. C. Bybee brought suit in the District Court of Comanche County against Fireman's Fund Insurance Company on a hail insurance policy. The case was tried before the court without a jury and judgment was entered for the plaintiff in the sum of $600. The insurance company has appealed.

Appellant presents one point of error in which it is urged that the trial court erred in overruling its plea of res judicata because a judgment in the Justice Court, Precinct No. 1, Dallas County, between the same parties determined the material facts at issue in the instant case.

The findings of fact by the trial court supported by evidence show that on April 26, 1957, D. C. Bybee made written application to appellant insurance company for a hail insurance policy. Shortly thereafter appellant issued its policy insuring Bybee in an amount not to exceed $600

against loss to his peach crop caused by hail damage. Bybee paid a premium of $81 for the policy. On or about April 26, 1957, a hail storm passed over appellee's farm and caused damage to his crop on about 91 trees in the amount of approximately $1,000. Bybee notified appellant of his loss. A few days later adjustors from appellant insurance company inspected the peach orchard. They advised Bybee that they found no evidence of damage to his peach crop and so reported their findings to the company.

On November 12, 1957, appellant insurance company filed suit against Bybee in the Justice Court of Precinct No. 1 of Dallas County. The insurance company alleged the existence of the policy of insurance here sued upon. The policy provided that if the insured should make a claim for loss and it should be determined, or ascertained, that the loss, if any, was such that no liability existed under the provisions of the policy, then, the insured (Bybee) agreed to pay to the insurance company on demand at Dallas, Texas, the expenses incurred in investigating such claim. The company alleged that Bybee did make a claim for loss under the policy; that the company investigated the claim and ascertained that Bybee had suffered no loss under the terms of the policy and that the policy had, according to its terms, expired. The company alleged that the expenses of investigation were $19.90 and sought judgment against Bybee in the Dallas County Justice Court decreeing that he did not suffer any loss to his peach crop by reason of the alleged hail and that the insurance company have judgment against him for $19.90. It was found by the Justice Court that Bybee did not sustain any loss to his peach crop and judgment was entered for the insurance company against him for $19.90.

The instant suit was filed by Bybee in the District Court of Comanche County on December 9, 1957, and judgment was entered on May 12, 1958, overruling appellant's plea of res judicata and decreeing that Bybee recover from appellant the sum of $600.

The court filed findings of fact to the effect that Bybee did suffer loss to his peach crop much in excess of the $600 policy limit.

A controlling fact issue in the District Court was whether Bybee sustained damages to his peach crop. This same issue was also a controlling issue in the Dallas County Justice Court case and was, by the judgment of that court, determined unfavorably to Bybee. The justice court had jurisdiction of the subject matter involved and of the amount in controversy. It was a valid judgment. The parties involved in that case were identical with the parties in the instant suit. Appellant urges that the Dallas County Justice Court judgment is, therefore, res judicata not only as to the cause of action there in controversy, but also as to the fact question of whether Bybee sustained damage to his peach crop; that Bybee is barred and estopped and not entitled to relitigate that issue in the District Court of Comanche County, even though the subsequent suit which arose out of the same transaction is based upon a different cause of action and involves an amount in controversy which exceeds the jurisdiction of the Justice Court.

■ It is "a recognized principle of law that where, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties from relitigating the same issue in a subsequent suit between the same parties, even though the subsequent suit is upon a different cause of action." Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387, 388; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Davis v. First Nat. Bank of Waco, Tex.Com.App., 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1. It is said that, "The doctrine of res judicata is founded in public policy, as being conducive to peace, repose and morality without working injustice."; that, "The good of society and the preservation of rights and order require that when once the claims of parties have been determined by the

ultimate tribunal provided by law for their adjudication, the matter should pass from the field of strife forever." 26 Tex.Jur. 25.

It is to be noted that the jurisdictional limitation of the justice court to small matters may, in some cases, be inconsistent with the doctrine of estoppel by judgment, and present situations which are unusual and arresting. There is an interesting discussion of this question in an annotation in 147 A.L.R. 196–232. Under somewhat different theories two cases, one by the Supreme Court of California and another by the Supreme Court of Washington, reached the conclusion that judgments by a court of small claims and by a justice court respectively were not res judicata of fact issues raised in superior courts upon different causes of action, even though the cases arose out of the same subject matter and the parties were the same. Sanderson v. Niemann, 17 Cal.2d 563, 110 P.2d 1025; Centennial Flouring Mills Co. v. Schneider, 16 Wash.2d 159, 132 P.2d 995.

The question, however, is not an open one in Texas. Forman v. Massoni, Tex. Civ.App., 176 S.W.2d 366 (Writ Ref.); Baronian v. Sealy Oil Mill & Mfg. Co., Tex.Civ.App., 9 S.W.2d 292. The case of Forman v. Massoni, supra [176 S.W.2d 368], was a suit in the district court for damages in an amount in excess of county court jurisdiction. It was held that a prior judgment of a county court in which the defendant in the district court had secured judgment for the damages sustained to his car in the same collision was res judicata of plaintiffs' action in the district court. It was held that since the issues presented in the district court were the same as those presented in the county court case between the same parties and the issues were finally determined in the county court that the parties were thereafter estopped to litigate such issues in other actions. It was further stated by the court as follows:

"As a result of a collision one party may suffer damage in the sum of $50,-000, the other damages in the sum of not more than $19, a sum less than the appellate jurisdiction of the County Court. Upon the principle underlying the holding we have made in this case a conclusive determination of the action for $50,000 might doubtless be had in the Justice Court. In such a case the public policy which limits the jurisdiction of the Justice Court to small matters obviously is inconsistent with the public policy embodied in the doctrine of estoppel by judgment, but is not necessarily in conflict therewith. If the defect requires remedying, recourse must be had to the policy making power of the State which fixes the jurisdiction of courts."

The issue of whether Bybee sustained hail damage to his peach crop was decided adversely to him in the Justice Court. The determination of that issue was conclusive between the parties thereto. Under the established law of this state the trial court erred in overruling appellant's plea of res judicata.

The judgment of the trial court is reversed and judgment is rendered for appellant.