Lorayne McCLOUD, Appellant,

v.

Joseph L. KNAPP, Appellee.

No. 18270.

Court of Civil Appeals of Texas, Dallas.

March 7, 1974.

Rehearing Denied April 4, 1974.

Richard L. Griffith, Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, for appellant.

G. Ward Beaudry, Lane, Savage, Counts & Winn, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Lorayne McCloud brought this action against Joseph L. Knapp for a declaratory judgment under Article 2524–1 (1965) Vernon's Ann.Civ.St.,[1] to determine her rights to enforce an oral contract for a lifetime tenancy of certain realty owned by Knapp; and in the alternative, for damages in lieu of possession of said premises, having been evicted therefrom by proceedings in the justice court. From a summary judgment denying her any relief she brings this appeal.

### ATTACK ON SUFFICIENCY OF MOTION

In her first point of error appellant attacks the motion for summary judgment on the procedural ground that such motion fails to allege any specific grounds therefor as specifically required by Rule 166–A(c), Texas Rules of Civil Procedure. The motion for summary judgment does not contain any specific grounds, but merely alleges

. . . that the pleadings and attached affidavit of Defendant show that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.

However, appellee points to his brief filed in the trial court herein the grounds of his motion and specifically sets forth in detail, being: (1) that the judgment in the justice court is res judicata of all issues in this suit, and (2) the alleged oral lease is unenforceable by reason of Article 1288. These are the only two points designated, presented and argued by appellee. Appel-

lant cannot say that she was misled or misinformed concerning appellee's position; her only complaint is that there was technical noncompliance with the Rule.

■ We do not wish to be understood as holding that strict compliance with Rule 166–A is unnecessary, but it is our holding that in this particular factual situation it appears that no harm or prejudice was suffered by appellant and that she presents no proper ground for reversal. Rule 434. Appellant's first point of error is overruled.

Appellant's second point of error is that the trial court erred in granting the defendant's motion for summary judgment. Under this general point of error appellant presents sub-points which we will consider separately.

### SUMMARY JUDGMENT EVIDENCE

■ Resolution of the questions here presented requires a statement of the material summary judgment evidence considered most favorably to appellant's contentions. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S. W.2d 41–47 (Tex., 1965).

In November 1969 appellee Knapp purchased the premises and improvements located at 3317 Amherst Street, Dallas, Texas. About this time Knapp told Mrs. McCloud that he was purchasing the house and lot for her use and benefit and that it was his intention to devise it to her at his death. Subsequently, by codicil to his will dated September 18, 1970, Knapp did devise this property to Mrs. McCloud. At the time Mrs. McCloud and her husband moved into the house in question Knapp told Mrs. McCloud that he would charge her a rental of only $200 per month inclusive of utilities, during her lifetime. After moving into the property, Mrs. McCloud and her husband began paying the agreed

1. All references herein to statutes are to Tex.Rev.Civ.Stat.Ann., and all references to Rules are to Tex.R.Civ.P. unless otherwise indicated.

rental of $200 per month, inclusive of utilities, which arrangement continued until May 24, 1971, at which time a meeting was held between Mrs. McCloud, Knapp and Knapp's attorney. At this meeting Mrs. McCloud was informed by Knapp that he had changed his mind in regard to leaving her the property under his will and that in lieu thereof he offered her a tenancy of the premises in question for her lifetime at a set rental of $200 per month, inclusive of utilities. Mrs. McCloud accepted this offer and in reliance upon the oral agreement she made her June rental payment of $200 which was accepted by Knapp. Thereafter, on June 3, 1971, Mrs. McCloud was informed that Knapp had apparently changed his mind again and wanted to attempt a modification of the oral contract previously entered into on or about May 24, 1971. Mrs. McCloud refused to accept the attempted modification but rather continued to pay her monthly rental at $200 per month which said rental was received and accepted by Knapp until July 1972. Mrs. McCloud and her husband remained in possession of the premises, making the payments when due, until they were forced out of possession by judgment rendered by the Justice of the Peace on the 10th day of August 1972.

On June 16, 1972, Mrs. McCloud filed her original petition in this cause in the district court of Dallas County in which she sought a declaratory judgment pursuant to Article 2524–1, adjudicating her rights under the oral agreement made between her and Knapp on May 24, 1971, and, in the alternative, for damages in the event she and her husband were forced out of possession of the property. Thereafter on July 20, 1972, Knapp filed a suit for forcible entry and detainer in the justice of the peace court in which he sought immediate possession of the premises. The judgment of the justice court provides that Knapp should have possession of the premises. Mrs. McCloud and her husband removed themselves from the premises because of this judgment. At that time the

motion for summary judgment had not been heard in the district court.

The evidence reveals that Mrs. McCloud and Knapp maintained both a social and a medical relationship prior to the purchase of the property in question. In addition there was a business relationship involved in which Mrs. McCloud had been the interior decorator for the hospital and clinic of which Knapp was medical director. Also, after Knapp purchased the property in 1969, he utilized the services of Mrs. McCloud to remodel and redecorate the same.

## RES JUDICATA

In the light of the record thus made we first consider the contention first advanced by appellee Knapp that the trial court's action in sustaining the motion for summary judgment was proper because the judgment of the justice of the peace in the forcible entry detainer action effectively barred Mrs. McCloud's cause of action. In support of his contention of res judicata, appellee relies upon Rankin v. Hooks, 81 S. W. 1005 (Tex.Civ.App.—1904, no writ); YWCA v. Hair, 165 S.W.2d 238 (Tex.Civ. App.—Austin 1942, writ ref'd w. o. m.); and Slay v. Fugitt, 302 S.W.2d 698 (Tex. Civ.App.—Dallas 1957, writ ref'd n. r. e.). These cases hold that a material issue in a forcible detainer suit in the justice court is whether the person holding the property is entitled to the possession thereof and this involves the question whether he was holding possession thereof under a valid lease, entitling him to retain possession. Therefore, the determination of the issue by the justice of the peace court would be res judicata of the question of validity of the lease. However, these cases were all decided prior to the passage of Article 2226a. Section 1 of that article provides that:

A determination of fact or law or a judgment in any proceeding in the Small Claims Court, Justice of the Peace Court, County Court, County Civil Court at Law, County Criminal Court at Law, or County Court at Law shall not be res

judicata and shall not constitute a basis for estoppel by judgment in any proceeding in a District Court, except that any such judgment shall be binding on the parties thereto as to the recovery or denial thereof rendered in that particular case, and further except that all judgments in probate, guardianship, lunacy and other matters over which said inferior courts shall have exclusive jurisdiction of the subject matter, on a basis other than the amount in controversy, shall not be affected thereby.

■ This statute became effective in 1965 and the obvious purpose of the legislature in enacting the same was to preclude a judgment for less than $20 in the justice court from controlling the results in a suit in the district court. As said by Lochridge, Res Judicata, 27 Tex.B.J. 959, 1000 (1964):

It is designed to confine the effective jurisdiction of such courts to their constitutional limits and to eliminate the trap for the unwary and the present device by which a justice court or other inferior court indirectly can extend its jurisdiction over matters in dispute involving thousands of dollars.[2]

Appellee argues that this case comes within the exceptions contained in Article 2226a. He contends that the language "except that any such judgment shall be binding on the parties thereto as to the recovery or denial thereof rendered in that particular case" is applicable here. He contends that there can be no claim for these damages sought by appellant if there is no right to possession of the premises, and that this question has been determined adversely to appellant by the justice of the peace court. We cannot agree with this argument. The exception in the statute refers to "the recovery or denial thereof rendered in that particular case." The only issue in the justice of the peace court in the forcible detainer case was the right to immediate possession of the premises. Garcia v. Munoz, 309 S.W.2d 502 (Tex. Civ.App.—San Antonio 1958, writ ref'd), and Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368 (1962). The record is silent as to what was shown in the justice of the peace court entitling Knapp to judgment. We cannot assume or speculate as to the record made in the justice of the peace court which led to the judgment giving immediate possession to Knapp. Certainly it is not demonstrated that the issues urged and presented by Mrs. McCloud in her suit in the district court were the same as those presented in the justice of the peace court. The claim for damages asserted by Mrs. McCloud has not been disposed of in the judgment of the justice of the peace court and therefore, appellee's contention of res judicata cannot be sustained.

■ Neither can we agree with appellee's contention that the second exception set forth in Article 2226a applies in support of his res judicata defense of the summary judgment. Such exception deals with the question of inferior courts having exclusive jurisdiction of the subject matter and appellee argues that since the justice court was given exclusive jurisdiction of forcible entry and detainer matters its determination is therefore res judicata of the present suit. While it is true that the justice of the peace court is given exclusive jurisdiction of forcible entry and detainer actions under Article 3973, this does not mean that the justice of the peace court has exclusive jurisdiction to determine the right of possession of real property. The district court would have the right to determine this question in a trespass to try title action. Thus the district court must

---

2. The statute was obviously designed to change the result in such cases as Forman v. Massoni, 176 S.W.2d 366 (Tex.Civ.App.—Galveston 1943, writ ref'd); Fireman's Fund Ins. Co. v. Bybee, 322 S.W.2d 657 (Tex.Civ.App.— Eastland 1959, writ dism'd w. o. j., 160 Tex. 429, 331 S.W.2d 910); and State Farm Mutual Automobile Ins. Co. v. Worley, 346 S.W. 2d 407 (Tex.Civ.App.—El Paso 1961, no writ).

be said to have concurrent jurisdiction with the justice of the peace court to determine the question of possession. Hartzog v. Seeger Coal Co., 163 S.W. 1055 (Tex.Civ.App.—Dallas 1914, no writ). Moreover, the district court, being a court of record, would possess primary jurisdiction to determine the declaration of rights, including the question of possession, in the declaratory judgment action brought by Mrs. McCloud. Article 2524–1, § 1. Obviously the justice of the peace court did not have exclusive jurisdiction of the subject matter of all the questions presented by appellee Knapp so that the justice court judgment cannot be said to be res judicata of appellant's claim for damages. Since appellant stated in oral argument before this court that she no longer claims right of possession of the premises, we express no opinion on that question. We sustain appellant's sub-point I.

## APPLICABILITY OF ARTICLE 1288

We now turn to a consideration of appellee's second ground in support of his motion for summary judgment in which he contends that the oral lease alleged by appellant is unenforceable by reason of Article 1288. That article provides that:

No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing.

Our supreme court has held that a lease of land for more than one year is a conveyance of land governed by the provisions of the above quoted article. Dority v. Dority, 96 Tex. 215, 71 S.W. 950 (1903); Hoover v. Wukasch, 152 Tex. 111, 254 S. W.2d 507 (1953). Appellant relies upon Tex.Bus. & Comm.Code Ann. § 26.01 (Vernon 1968), V.T.C.A., and its predecessor, Article 3995, and cases dealing with those provisions, to support her contention

that Article 1288 has no application to the factual situation here presented.

■ Both Article 1288 and Section 26.01 provide that "a lease of real estate for a term longer than one year" and "for a term of more than one year" is not enforceable unless the promise or agreement is in writing and signed by the person to be charged thereby. Appellee presents the counter-argument that Section 26.01 has no application to a case governed by Article 1288 since they only deal with contracts to make a lease and do not control the actual creation of a lease or a leasehold estate. Some decisions dealing with leases have relied strictly upon Article 3995. Johnson v. Petty, 289 S.W.2d 797 (Tex.Civ.App.— Amarillo 1956, no writ); Urban v. Crawley, 206 S.W.2d 158 (Tex.Civ.App.—Eastland 1947, writ ref'd n. r. e.). Other decisions dealing with leases have relied upon both Articles 1288 and 3995. Lewis Bros. v. Pendleton, 227 S.W. 502 (Tex. Civ.App.—Texarkana 1920, writ dism'd); Medical Professional Bldg. Corp. v. Ferrell, 131 S.W.2d 683 (Tex.Civ.App.—San Antonio 1939, no writ). We are of the opinion that the same result is reached in this case by applying the terms of either Article 1288 or Section 26.01 (and its predecessor Article 3995). The real issue to be determined is whether the alleged oral lease falls within the exact language of either of the statutes involved. Is the purported lease a lease of real estate for a term of more than one year? Appellant contends that appellee agreed with her on May 24, 1971, that she should have a lifetime tenancy to the premises in question for which she was to pay $200 per month during her lifetime. We agree with appellant that since the terms of the lease depends upon a contingency that may occur before a year has elapsed such is not within the prohibition of either statute. In Betts v. Betts, 220 S.W. 575 (Tex.Civ.App. —Texarkana 1920, no writ) the court dealt with a parol lease for the life of the lessor. It was held that the lease was required to show upon its face that it was for a longer

period than one year before it fell within the prohibition of the Statute of Frauds. To the same effect, see Robb v. San Antonio St. Ry., 82 Tex. 392, 18 S.W. 707 (1891). While both of these cases dealt with Article 3995 we are unable to observe any distinction between the exact wording of former Article 3995 and Article 1288 relied upon by appellee. The conveyance "for a term of more than one year" referred to in Article 1288 is practically identical with the promise or agreement to make a "lease or real estate for a term longer than one year" as provided in Tex. Bus. & Comm.Code Ann. § 26.01 (Vernon 1968). Accordingly, since the contingency of death of appellant within the period of one year negates the fact of a lease for a term of more than one year as contemplated by Article 1288, relied upon by appellee, the same is inapplicable. Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 532 (1948); Wright v. Donaubauer, 137 Tex. 473, 154 S.W.2d 637 (1941); Eisenbeck v. Buttgen, 450 S.W.2d 696 (Tex. Civ.App.—Dallas 1970, no writ); Warner v. Texas & P. Ry., 164 U.S. 418, 17 S.Ct. 147, 149, 41 L.Ed. 495 (1896), and 3 S. Williston, Contracts § 498B, at 598 (3rd ed. 1960). We sustain appellant's sub-point II.

Our action in sustaining appellant's sub-points I and II renders it unnecessary that we consider appellant's sub-points III and IV.

In her fifth sub-point, appellant argues that the trial court erred in overruling her motion to deem requested admissions of fact. From this record we cannot say that the trial court abused its discretion in overruling this motion and the sub-point is therefore overruled.

The judgment of the trial court is reversed and remanded for further proceedings.

Reversed and remanded.