Richard Johnson, Dallas, for appellee.

Willie SIMS, Appellant,

v.

CENTURY KIEST APARTMENTS, Appellees.

No. 19018.

Court of Civil Appeals of Texas, Dallas.

Aug. 12, 1976.

GUITTARD, Justice.

Willie Sims, a tenant from week to week in an apartment owned by Century Kiest Apartments, sued to restrain Century Kiest from terminating the tenancy. The trial court, without hearing evidence, denied a temporary injunction on the pleadings, and Sims appeals. Pending the appeal, Century Kiest filed and prosecuted a forcible detainer suit, obtained a writ of restitution, and caused Sims to be evicted from the apartment. In view of this action, we hold that the tenancy has been terminated and plaintiff's application for temporary injunction is moot.

The petition alleges as grounds for the injunction that plaintiff received a written notice to vacate the apartment by April 17, 1976, and that this attempt to terminate the tenancy was done with the specific intent of retaliating against plaintiff for activities in organizing a tenant's council, complaining to the management about the need for repairs and maintenance, and reporting various building code violations to the municipal authorities. Plaintiff also sued for actual and punitive damages. On oral argument plaintiff's counsel acknowledged that plaintiff had been evicted by forcible de-

tainer proceedings. He contends, however, that the application for temporary injunction is not moot because plaintiff did not sue to restrain forcible detainer proceedings, but only to restrain termination of the tenancy. He argues that the judgment in the forcible detainer suit is not *res judicata* of the question of defendant's right to terminate the tenancy under Tex.Rev.Civ.Stat. Ann. art. 2226a (Vernon 1971). Accordingly, he insists that the trial court can still give him effective relief by restraining defendant from terminating the tenancy. Such relief, he suggests, would permit him to resume occupancy as a tenant from week to week and continue that occupancy so long as defendant attempts to terminate the tenancy for the purpose of retaliation.

We conclude that the action is moot insofar as it seeks injunctive relief. The petition does not ask for a judgment declaring plaintiff's right to continue occupancy but only an injunction restraining defendant from terminating the tenancy. Defendant has now done exactly those acts which would have the effect of terminating the tenancy as a matter of contract between the parties, that is, it has given plaintiff notice to vacate and has caused plaintiff to be evicted by a forcible detainer suit. Nothing remains to complete termination of the tenancy. Everything that plaintiff seeks to restrain has already been done. *See Cameron v. Saathoff,* 345 S.W.2d 281 (Tex.1961).

If plaintiff has a right to resume occupancy by reason of the circumstances alleged in the petition, some action other than an injunction to restrain termination of the tenancy would be necessary. *See McCloud v. Knapp,* 507 S.W.2d 644 (Tex.Civ.App.— Dallas 1974, no writ); *Hodge v. Hendrick,* 97 S.W.2d 722, 725 (Tex.Civ.App.—Eastland 1936, no writ); *Hartzog v. Seeger Coal Co.,* 163 S.W. 1055, 1059 (Tex.Civ.App.—Dallas 1914, no writ). Of course, plaintiff's action for damages remains pending, and we express no opinion on the merits of that action.

The order of the trial court denying the temporary injunction is set aside and plaintiff's application for temporary injunction is dismissed as moot.