NO. 07-06-0390-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2008

______________________________

IT’S THE BERRYS, LLC, A TEXAS LIMITED
LIABILITY COMPANY, DOING BUSINESS
AS MARY ELLEN’S, APPELLANT

V.

EDOM CORNER, LLC, A TEXAS 
LIMITED LIABILITY COMPANY, APPELLEE
_________________________________

FROM THE 294TH DISTRICT COURT OF VAN ZANDT COUNTY;

NO. 06-00428; HONORABLE TERESA DRUM, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellant It’s the Berry’s, LLC d/b/a Mary Ellen’s (Berry’s) complains of a district
court judgment granting possession of its leasehold to its landlord, appellee Edom Corner,
LLC. Brought as an action for forcible detainer in justice court, the case was transferred
to district court and there tried as though that court possessed original subject matter
jurisdiction. Finding the district court lacked original subject matter jurisdiction to try an
eviction suit, we will sever, vacate and dismiss the forcible detainer suit and affirm the
remainder of the judgment. 
Background
          The legal complaints of the parties before us arise from a commercial lease
between Edom Corner as lessor and Berry’s as lessee. The leased property was retail
space located in a building that also housed a restaurant known as Edom Bakery. 
          At the time the parties executed the lease, the principal members of Edom Corner
were Earl A. Berry, Jr. and his wife, Ann Thornton Berry. Mr. and Mrs. Berry were also the
sole members of Edom Bakery, LLC, which did business as Edom Bakery. Berry’s was
owned by Mary Ellen Malone.
          Edom Corner, Edom Bakery, and Berry’s were formerly owned in equal shares by
Mr. and Mrs. Berry and Malone.


 But the parties found joint operation of the companies
difficult and divided their interests. Under the agreed division, Mr. and Mrs. Berry acquired
ownership of Edom Corner and Edom Bakery and Malone acquired ownership of Berry’s. 
          Berry’s operated a retail merchandise store known as Mary Ellen’s in the space it
leased from Edom Corner. According to trial testimony, problems developed among the
parties after execution of the lease. Disagreements escalated after Malone purchased a
nearby restaurant, known as “the Shed,” a competitor of Edom Bakery. About eighteen
months after execution of the lease, an attorney for Edom Corner notified Berry’s by letter
that because of multiple alleged breaches of the lease it must vacate the premises by a
specified date or face a forcible detainer suit. 
          When Berry’s did not vacate the leasehold, Edom Corner commenced a forcible
detainer suit in a justice court of Van Zandt County. By its original petition entitled
“Plaintiff’s Original Petition for Forcible Detainer,” Edom Corner sought possession of the
property, a writ of possession, and attorney’s fees. 
          Before Berry’s answered the suit, Edom Corner filed a “Motion to Transfer” in the
justice court requesting transfer of the case to the 294th judicial district court of Van Zandt
County. In its motion, Edom Corner asserted a suit was already pending in district court
concerning a dispute among other entities owned by Malone and Mr. and Mrs. Berry. The
justice court responded with an order transferring the case to district court “because the
matter concerns issues within its jurisdiction.” Thereafter, Berry’s answered and filed a
counterclaim for declaratory relief and attorney’s fees.


 
          About three weeks later, Edom Corner filed a supplemental petition requesting the
district court to issue “without notice” a temporary restraining order enjoining Berry’s from
locking a passageway in the building, leaving the door of Mary Ellen’s open while the air
conditioning operated, and interfering in efforts to change building locks. The
supplemental petition requested a temporary injunction and on trial a permanent injunction
because “when [Edom Corner] prevails in its suit for Forcible Detainer there is a period of
time between the Court’s judgment and the actual physical evacuation of the premises
. . . .” No temporary restraining order or temporary injunction issued.


 
          Following a bench trial, the district court signed a judgment awarding Edom Corner
possession of the leased premises, a writ of possession, costs and attorney’s fees. The
judgment also decreed that Berry’s take nothing by its counterclaims. 
          Berry’s timely filed a notice of appeal to the Twelfth District Court of Appeals at
Tyler. It also filed a motion with the trial court requesting a supersedeas bond exceeding
the aggregate of attorney’s fees awarded Edom Corner under the judgment, post-judgment
interest, and the monthly rental and utility charges payable according to the terms of the
lease. Edom Corner objected, arguing the case was a forcible detainer suit not involving
a party’s principal residence and execution of a writ of possession could not be
superseded. See Tex. R. Civ. P. 755. The trial court ordered a supersedeas bond in an
amount sufficient only to supersede enforcement of the monetary portion of its judgment. 
           Berry’s petitioned the Tyler Court for a writ of mandamus arguing the trial court did
not set the amount of bond necessary to supersede the writ of possession, contrary to the
requirements of Rule of Appellate Procedure 24.1. Tex. R. App. P. 24.1(a)(3); In re It's The
Berry's, LLC, No. 12-06-00298-CV, 2006 WL 3020353, 2006 Tex. App. Lexis 9146,*9-11
(Tex.App.–Tyler Oct. 25, 2006, orig. proceeding) (not designated for publication). Edom
Corner again took the position the writ could not be superseded under Rule of Civil
Procedure 755 because it was not a party’s principal residence. Berry’s countered that
Rule 755 was not applicable to the case because the appeal was not from a judgment of
the county court. 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at *10. Edom
Corner responded that Government Code section 24.471 established a “special
relationship” between the county court and district court of Van Zandt County, authorizing
adjudication of its forcible detainer suit in district court. Therefore, Rule 755 applied,
disallowing suspension of the writ of possession. 2006 WL 3020353, at *4, 2006 Tex. App.
Lexis 9146, at *10-11. The Tyler Court disagreed, finding Rule 755 inapplicable because
Berry’s was appealing not from a judgment of the county court after a trial de novo on
appeal from the justice court, but a judgment of the district court, exercising its original
jurisdiction. 2006 WL 3020353, at *4, 2006 Tex. App. Lexis 9146, at *12. The court
concluded the trial court abused its discretion by not setting a bond for suspension of the
entire judgment, and conditionally granted the writ of mandamus. 2006 WL 3020353, at
*4, 2006 Tex. App. Lexis 9146, at *12-13. After the trial court complied with the
requirements of the conditional grant, the Tyler Court dismissed the original proceeding as
moot. In re It's The Berry's, LLC, No. 12-06-00298-CV, 2006 WL 3313659, 2006 Tex. App.
Lexis 9920 (Tex.App.–Tyler November 15, 2006, orig. proceeding) (not designated for
publication). By docket equalization order of the Supreme Court, the appeal of the case
was thereafter transferred to this court. See Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).
 
Issues
          Berry’s raises twenty-two issues on appeal. We find issues one and eleven
dispositive of the appeal.
Discussion
          In its first issue Berry’s argues the district court lacked subject matter jurisdiction to
try Edom Corner’s forcible detainer action.
          Whether a trial court possessed subject matter jurisdiction is a question of law we
review de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). The
existence of subject matter jurisdiction may be raised for the first time on appeal by the
parties or the court on its own motion. University of Tex. Sw. Med. Ctr. v. Loutzenhiser,
140 S.W.3d 351, 358 (Tex. 2004), superseded by statute on other grounds, Tex. Gov’t
Code Ann. § 311.034 (Vernon Supp. 2008). 
          An action for forcible detainer is the judicial procedure for determining the right to
immediate possession of real property. Kennedy v. Highland Hills Apartments, 905 S.W.2d
325, 326 (Tex.App.–Dallas 1995, no writ). It exists to provide a speedy, simple and
inexpensive means for settling the right to possession of premises. Id. 
A person who refuses to surrender possession of real property on demand
commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over
after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance, including an occupant at the
time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.
 
Tex. Prop. Code Ann § 24.002(a)(1)-(3) (Vernon 2000). A prevailing landlord in a suit for
forcible detainer “is entitled to a judgment for possession of the premises and a writ of
possession.” Tex. Prop. Code Ann. § 24.0061(a) (Vernon 2000).
          A forcible detainer action depends on the existence of a landlord-tenant relationship. 
Haith v. Drake, 596 S.W.2d 194, 196 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref’d
n.r.e.). Only proof of a superior right to immediate possession must be proved for the
plaintiff to prevail in a forcible detainer action. Goggins v. Leo, 849 S.W.2d 373, 377
(Tex.App.–Houston [14th Dist.] 1993, no writ). Accordingly, the sole matter in issue for
resolution in a forcible detainer action is which party has the superior right to immediate
access to the property. Fandey v. Lee, 880 S.W.2d 164, 168 (Tex.App.–El Paso 1994, writ
denied); Goggins, 849 S.W.2d at 377. 
          District courts in Texas are courts of general jurisdiction, presumably having subject
matter jurisdiction over a cause unless a contrary showing is made. Subaru of America,
Inc. v. David McDavid Nissan, Inc., 84 S.W.2d 212, 220 (Tex. 2002), citing Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). Under our constitution and by
statute, the district court’s jurisdiction “consists of exclusive, appellate, and original
jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive,
appellate, or original jurisdiction may be conferred by [the constitution] or other law on
some other court, tribunal, or administrative body.” Tex. Const. art. V, § 8; Tex. Gov’t Code
Ann. § 24.007 (Vernon 2004).


 The legislature has committed jurisdiction of a forcible
detainer suit, however, exclusively to a justice court in the precinct where the property in
question is located. Tex. Prop. Code Ann. § 24.004 (Vernon 2000); Tex. Gov’t Code Ann.
§ 27.031(a)(2) (Vernon 2004) (justice court has original jurisdiction of cases of forcible
entry and detainer); McGlothlin v. Kliebert, 672 S.W.2d 231, 232 (Tex. 1984) (referring to
exclusive jurisdiction of justice court in forcible entry and detainer case); Haginas v. Malbis
Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368, 371 (Tex. 1962) (forcible entry and
detainer action must be instituted in justice court); Rice v. Pinney, 51 S.W.3d 705, 712
(Tex.App.–Dallas 2001, no pet.) (jurisdiction “expressly” given to justice court); Mitchell v.
Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex.App.–Houston [1st Dist.] 1995, writ
denied) (jurisdiction of forcible detainer suit is in justice court and on appeal, county court);
McCloud v. Knapp, 507 S.W.2d 644, 647-648 (Tex.Civ.App.–Dallas 1974, no writ). 
          Where a claimed right of immediate possession necessarily requires resolution of
a title dispute, the justice court lacks subject matter jurisdiction. Rice, 51 S.W.3d at 709;
Tex. R. Civ. P. 746. Because a forcible detainer action is not exclusive of other remedies,
another possessory action, such as a suit for trespass to try title, may be brought in district
court. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 819 (Tex. 1936) (title may not be
adjudicated in forcible entry and detainer proceeding but remedy is cumulative of any other
remedy); Rice, 51 S.W.3d at 709; Tex. Prop. Code Ann. § 24.008 (suit for forcible detainer
does not bar a suit for “trespass, damages, waste, rent, or mesne profits.”). And the district
court may adjudicate a suit to try title concurrently with a forcible detainer action in justice
court. Haith, 596 S.W.2d at 196; Rice, 51 S.W.3d at 709.
          Here the parties and trial court looked to Government Code § 24.471(b) as the origin
of jurisdiction of the district court to try the forcible detainer suit. In pertinent part the
statute provides: 
The 294th District Court has concurrent jurisdiction with the county court in
Van Zandt County over all matters of civil and criminal jurisdiction, original
and appellate, in cases over which the county court has jurisdiction under the
constitution and laws of this state. Matters and proceedings in the
concurrent jurisdiction of the 294th District Court and the county court may
be filed in either court and all cases of concurrent jurisdiction may be
transferred between the 294th District Court and the county court. However,
a case may not be transferred from one court to another without the consent
of the judge of the court to which it is transferred, and a case may not be
transferred unless it is within the jurisdiction of the court to which it is
transferred.
 
Tex. Gov’t Code Ann. § 24.471(b) (Vernon 2004). We do not find this statute ambiguous. 
It does not authorize, nor could it authorize, consistent with Property Code § 24.004, trial
of a forcible detainer suit in the 294th district court.


 
          Edom Corner argues the Tyler Court’s conditional grant of mandamus resolved any
question of the district court’s subject matter jurisdiction and we are, therefore, precluded
by the “law of the case” doctrine from considering the question of subject matter
jurisdiction. We disagree.
The “law of the case” doctrine is defined as that principle under which
questions of law decided on appeal to a court of last resort will govern the
case throughout its subsequent stages. By narrowing the issues in
successive stages of the litigation, the law of the case doctrine is intended
to achieve uniformity of decision as well as judicial economy and efficiency. 
The doctrine is based on public policy and is aimed at putting an end to
litigation. 
 
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986) (citations omitted). The doctrine
is not a limitation on the power of the court. Devilla v. Schriver, 245 F.3d 192, 197 (2d Cir.
2001). Rather, as Justice Holmes long ago noted, it “merely expresses the practice of the
courts generally to refuse to reopen what has been decided.” Messenger v. Anderson, 225
U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Application of the doctrine lies with
the discretion of the court. Briscoe v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003). 
           The Fourteenth Court of Appeals rejected a contention like that made by Edom
Corner here in Gantt v. Gantt, 208 S.W.3d 27 (Tex.App.–Houston [14th Dist.] 2006, pet.
denied). There, a party contended the law of the case doctrine precluded the Fourteenth
Court from dismissing an appeal for lack of subject matter jurisdiction, based on a late
notice of appeal. Id. at 30 n.4 According to the party’s argument, the Corpus Christi Court
of Appeals, by issuing an opinion and judgment in a prior appeal in the case, must
necessarily have concluded it had jurisdiction, establishing the law of the case. Id. The
Fourteenth Court found the Corpus Christi Court had not expressly considered and decided
the late-notice-of-appeal question, and found that court’s sub silentio exercise of
jurisdiction was not law of the case. Id.
          Our circumstance is similar. While it might be said that implicit in the Tyler Court’s
opinion is recognition that the trial court exercised subject matter jurisdiction by
adjudicating the case, this was clearly not the narrow question presented or decided in the
mandamus proceeding. Indeed, the Tyler Court’s opinion states, “Edom [Corner] states
that it agreed to the transfer [from justice court] and does not contend that the transfer was
improper.” In re It’s the Berry’s, 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at
*9. We decline to utilize the law of the case doctrine to avoid review of the district court’s
exercise of subject matter jurisdiction in the forcible detainer action.
          Edom Corner also argues that Berry’s is judicially estopped to now challenge the
subject matter jurisdiction of the trial court because in its petition for writ of mandamus it 
alleged the lawsuit was one over which a district court has original jurisdiction. Edom
Corner asserts that Berry’s thus took inconsistent positions in the mandamus action and
the instant appeal, and is estopped to do so. We disagree for two reasons. First, “[s]ubject
matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a
proceeding.” Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24 S.W.3d 907, 910
(Tex.App.–Houston [1st Dist.] 2000, no pet.) (citing Fed. Underwriters Exch. v. Pugh, 141
Tex. 539, 174 S.W.2d 598, 600 (Tex. 1943)). Second, and assuming Berry’s mandamus
and appellate positions were contradictory, the mandamus proceeding is part of the
present case and not a prior proceeding. See Pleasant Glade Assembly of God v.
Schubert, No. 05-0916, 51 Tex. S.Ct. J. 1086, 2008 WL 2572009, at *6, 2008 Tex. Lexis
620, at *17 (Tex. June 27, 2008). The doctrine of judicial estoppel has no application to
contradictory positions taken in the same proceeding. Id. (citing Galley v. Apollo
Associated Servs., Ltd., 177 S.W.3d 523, 529 (Tex.App.–Houston [1st Dist.] 2005, no
pet.)). 
          The relief Edom Corner sought in the trial court was exclusive to Chapter 24 of the
Property Code. Tex. Prop. Code Ann. Chapter 24 Forcible Entry and Detainer (Vernon
2000 & Supp. 2007). The district court was without subject matter jurisdiction to try Edom
Corner’s forcible detainer suit. We sustain Berry’s first issue.
          In its eleventh issue, Berry’s challenges the award of attorney’s fees for Edom
Corner and the denial of its request for attorney’s fees. Specifically, Berry’s asserts it
should have prevailed in the trial court and recovered attorney’s fees while Edom Corner
should not have prevailed and was not entitled to recover attorney’s fees. Because the
district court lacked subject matter jurisdiction to adjudicate the forcible detainer action, that
cause, including the award of statutory and contractual attorney’s fees and costs to Edom
Corner, must be set aside and dismissed. In the same way, the trial court had no
jurisdiction to award attorney’s fees to Berry’s for defense of a forcible detainer action. 
Berry’s does not contend the absence of an award of attorney’s fees under the Uniform
Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009 (Vernon 1997), was
error. We sustain Berry’s eleventh issue as to the recovery of attorney’s fees by Edom
Corner. We overrule Berry’s eleventh issue as to its claim for attorney’s fees.
Conclusion
          When a trial court lacks subject matter jurisdiction to render a judgment, the proper
procedure on appeal is for the appellate court to set the judgment aside and dismiss the
cause. See Dallas County Appraisal Dist. v. Funds Recovery, 887 S.W.2d 465, 471
(Tex.App.–Dallas 1994) (citing Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827
(1961)). Finding the trial court lacked subject matter jurisdiction, we sever the forcible
detainer case, vacate the judgment in the forcible detainer case, and dismiss the forcible
detainer case. Otherwise, we affirm the district court’s judgment.
 
                                                                           James T. Campbell

                                                                                      Justice